Memorandum. The order of the Appellate Division should be affirmed.
We reach our conclusion on a very narrow ground. We do not suggest that at the time defendant made the statement and surrendered the car keys, both of which are sought to be suppressed, he then waived any aspect of the full preinterrogation admonitions to which he was constitutionally entitled (Miranda v Arizona, 384 US 436). We agree with the dissenters that the record here would not support any such finding. Rather, we conclude that there should be an affirmance because of the failure of defendant at the suppression hearing to preserve the error on which reliance is now placed for a reversal.
At that hearing defendant advanced but a single, categorical contention—that he had been given none of the constitutionally mandated admonitions before interrogation. There was then no intimation either in his own testimony or in the recorded argument of counsel on his behalf that it would be claimed that that portion of the admonitions covering the right to counsel was deficient in its extent and explicitness. Thus, the People were afforded no opportunity to meet the *1013 theory first put forward on appeal, namely, that the preinterrogation statements made by the police did not go far enough explicitly to advise defendant that his right to counsel included the right to have counsel present at his on-the-scene questioning.
There can, of course, be no doubt that the right to counsel extends to representation during any interrogation by the police and that the defendant is entitled to advice to such effect (Miranda v Arizona, supra, p 479; People v Rodney P. (Anonymous), 21 NY2d 1, 3-4). Where, however, the defendant fails at the suppression hearing to challenge a narrow aspect of the sufficiency of the admonitions given him, at a time when the People would have an evidentiary opportunity to counter his assertion, he may not then be heard to complain on appeal.