OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
It is defendant’s contention that, although the police may have had probable cause to arrest him, they acted improperly when they entered his home for that purpose without first obtaining an arrest warrant (Payton v New York, 445 US 573). Consequently, defendant argues, the evidence obtained as a result of the entry should have been suppressed. During his suppression hearing, however, defendant argued only that the physical evidence seized in conjunction with his arrest should be excluded because it was found by the arresting officers as a result of an unauthorized "general search” and not, as the People contended, through an inadvertent discovery of items lying "in plan view”.[1] At no time did defendant request the *1031 court to rule upon the propriety of the police officers’ presence on the premises, and, in fact, the only issue that was placed before the suppression court was the fundamentally factual question whether the testimony of the police officers concerning their observations upon entering was credible under the circumstances.
Having thus failed to raise a constitutional challenge to the police officers’ entry into his home within the context of his initial suppression motion, defendant is now foreclosed by our rule of "preservation” from advancing any such ground for reversal on appeal to this court (People v Booker, 49 NY2d 989; People v Tutt, 38 NY2d 1011; cf. People v De Bour, 40 NY2d 210, 214). As we noted in People v Tutt (supra, at pp 1012-1013), when a defendant neglects to raise a particular legal argument before the court of first instance, he effectively deprives the People of a fair opportunity to present their proof on that issue, and, as a consequence, the resulting record is inadequate to permit the appellate court to make an intelligent determination on the merits.[2] Moreover, our rule of "preservation” requires defendants to raise all of their arguments in a timely fashion so that errors of law which might otherwise necessitate a retrial can be avoided or promptly cured (see People v Michael, 48 NY2d 1, 6). In this case, defendant was required to raise his constitutional challenge to the arrest before the suppression court if he intended to base his appeal from its decision upon that ground. Since he failed to do so and thereby failed to give the suppression court an opportunity to consider the question before the proceeding against him progressed any further, defendant cannot now rely upon the constitutional issue as a ground for reversal in this court.
In view of our holding, we need not reach the question *1032 whether the rule articulated by the Supreme Court in Payton v New York (445 US 573, supra) should be applied retroactively to invalidate arrests made prior to the date of that ruling. Finally, we note that defendant’s contention that the police officers’ discovery of the evidence lying "in plain view” was not truly inadvertent cannot provide a basis for reversal, since the question of "inadvertence” is essentially one of fact which may be resolved only through an assessment of the credibility of the various witnesses (People v Payton, 45 NY2d 300, 312-313, revd on other grounds 445 US 573). Here, the trier of fact explicitly found on the basis of legally sufficient evidence that the items in question had been lying "in plain view” and had been found by the police purely by chance. This factual determination having been made and affirmed below, the question of "inadvertence” is now beyond our power of review (see NY Const, art VI, § 3, subd a; Cohen and Karger, Powers of the New York Court of Appeals, § 198, subd [a]).

. Defendant also argued that certain weapons, narcotics and pornographic paraphernalia that were seized pursuant to a subsequently issued search warrant should be suppressed because the warrant itself was issued on the basis of evidence unlawfully seized during the course of his arrest. The resolution of this question, of course, depends upon whether the initial entry by the police and the resulting seizure of items "in plain view” were lawful.

. It should be noted that the types of "exigent circumstances” which might justify a warrantless, in-home arrest are not necessarily the same as those which might justify a warrantless search of the premises (see, e.g., Dorman v United States, 435 F2d 385). The likelihood that an attempt at escape is imminent for example, might well provide sufficient justification for a warrantless arrest in the home, although such a circumstance would be irrelevant in assessing the propriety of a warrantless search. Given the fundamental differences in the criteria to be applied in evaluating "exigency” for purposes of an arrest and "exigency” for purposes of a search, it cannot seriously be argued that defendant’s suppression motion in this case, which challenged only the propriety of the search and not the lawfulness of the arrest, presented the People with adequate opportunity to submit whatever evidence they might have had regarding the need to act swiftly and without the delays which often attend warrant applications.