■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEROME A. HILL, Respondent. — Appeal from orders of the County Court of Rensselaer County (Dwyer, Jr., J.), entered May 30, 1980, which granted defendant's motion to suppress an in-court eyewitness identification and dismissed the indictment. The record discloses that on November 30, 1979, Michael J. Belawski surprised a black male burglarizing his apartment and on three separate occasions engaged in face-to-face grappling with the intruder. On that same day, Belawski was shown an array of photographs which included one the police thought was the defendant, but was in fact the defendant's identical twin brother. Belawski identified the picture of defendant's brother as the intruder. Thereafter, defendant was arrested and the police brought Belawski to police headquarters and caused and permitted defendant and Belawski to be in each other's company for about two hours. The County Court has suppressed the proposed in-court identification by Belawski because "that bit of overkill which was done by * * * [police], that deliberate placing of the defendant in the position whereby * * * because he testified that he got it on the radio that * * * [defendant] was under arrest and when he brought the only eyewitness in when he was under arrest, he completely destroyed out-of-court identification, and that is a shame." The County Court went on to say "it is so tainted that there is no way that it can possibly be proved." This court has recently held that, as a matter of law, an improper showup casts a burden on the prosecution to demonstrate an independent basis for identification *(People v Rogers,* 81 AD2d 1024). In the present case, the witness, Belawski, testified and the People carried the burden of showing an independent basis. Unlike *Rogers,* the record here establishes a sound basis for the identification of defendant prior to the station house confrontation. The initial identification of a photograph of a twin brother of defendant does not detract from that independent basis. The County Court's decision in this case reflects a belief that the wrongful conduct of the police requires a suppression of the eyewitness testimony. However, since we find that there is an independent basis for the in-court identification of the defendant, the identification may not be suppressed as a matter of law unless the record is such as to disclose actual taint from the police station confrontation (cf. *People v Adams,* 53 NY2d 241). The testimony of the witness as to his occupation as a correction officer and its requirements for identification of persons is more than ample to overcome any inference of taint. Accordingly, the motion to suppress the identification should have been denied. The dismissal of the indictment was premised in part on the suppression of the identification testimony. Since that evidence is admissible as a matter of law, the dismissal must be reversed. Orders reversed, on the law and the facts, and motion denied; indictment reinstated, and matter remitted to County Court of Rensselaer County. Mahoney, P.J., Sweeney, Kane, Casey and Herlihy, JJ., concur.