**James BARBER, Petitioner,**

v.

**Charles SCULLY, Superintendent, Greenhaven Correctional Facility, Stormville, New York, Respondent.**

**No. 82 Civ. 5528 (MEL).**

United States District Court,
S.D. New York.

Feb. 28, 1983.

Stephen J. Pittari, The Legal Aid Soc. of Westchester County, White Plains, N.Y., for petitioner; Robert W. Stieve, White Plains, N.Y., of counsel.

Carl A. Vergari, Dist. Atty. of Westchester County, White Plains, N.Y., for respondent; Richard E. Weill, Asst. Dist. Atty., White Plains, N.Y., of counsel.

LASKER, District Judge.

James Barber was convicted in the County Court, Westchester County, of Murder in the Second Degree, Arson and Grand Larceny. The judgment of conviction was affirmed by the Appellate Division, Second Department, *People v. Barber,* 83 A.D.2d 794, 441 N.Y.S.2d 757, and leave to appeal to the New York Court of Appeals was denied. *People v. Barber,* 55 N.Y.2d 826, 447 N.Y.S.2d 1038, 432 N.E.2d 146. His petition for certiorari to the United States Supreme Court was denied, *Barber v. New York,* 455 U.S. 1025, 102 S.Ct. 1727, 72 L.Ed.2d 145 (1982).

Barber petitions for a writ of habeas corpus on the grounds that: (1) the admission of certain testimony violated his right to confront the witnesses against him; (2) the jury instructions on reasonable doubt were constitutionally defective; (3) the delay in bringing him to trial violated his constitutional right to a speedy trial; and (4) extra-record information and misleading remarks in the State's appellate brief deprived him of due process.

The State answers that: (1) Barber waived his right to federal habeas review because in his petition for certiorari to the United States Supreme Court he failed to raise certain of the claims presented here; (2) Barber waived his claim under the Confrontation Clause by his failure to make an objection on that basis at trial; (3) the jury instructions were proper; (4) the delay in bringing Barber to trial was not the State's fault; and (5) the State's brief to the Appellate Division was proper.

### 1. *The Petition for Certiorari*

█ The State's contention that Barber waived certain claims by not raising

them in his petition for certiorari is without merit. In the first place, a habeas petitioner is not required to present any claims to the United States Supreme Court prior to filing a petition for habeas corpus. Secondly, the waiver doctrine of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), was based on the principle of comity, which is not implicated where the court which has purportedly been bypassed by the petitioner on his way to federal habeas review is not a state court but the United States Supreme Court.

### 2. The Confrontation Clause Claim

Barber claims that the introduction of certain testimony at trial violated his right to confront the witnesses against him. The most significant item of testimony to which Barber objects is the testimony of the victim's friend that the victim had told her that she was "very, very afraid" of Barber. At trial, counsel objected on grounds of hearsay. The objection was overruled on the basis that the statement was not offered for its truth but only as evidence of the victim's state of mind. (Transcript at 179).

The State contends that the confrontation claim was waived because Barber objected to the admission of the evidence only on grounds of hearsay.

■ New York takes a "stringent" approach to the contemporaneous objection rule, *People v. Jones,* 81 A.D.2d 22, 440 N.Y.S.2d 248, 260 (2d Dept.1981). A claim may be considered on appeal only if the objection made at trial was "sufficiently specific to focus attention upon the *particular issue* sought to be raised on appeal." *Id.* 440 N.Y.S.2d at 258 (emphasis added). For example, the New York Court of Appeals has held that a constitutional claim of denial of the right to speedy trial was waived where the sole objection made at trial was in terms of the statutory right to speedy trial. *People v. Lieberman,* 47 N.Y.2d 981,

419 N.Y.S.2d 946, 393 N.E.2d 1019 (1979). Similarly, in *People v. Tutt,* 38 N.Y.2d 1011, 384 N.Y.S.2d 444, 348 N.E.2d 920 (1976), the Court of Appeals held that a claim that *Miranda* warnings were insufficient had not been preserved because the objection at trial had been on the grounds that the warnings had not been administered at all.

■ Barber contends that an objection on grounds of hearsay is "sufficiently specific to focus attention" upon a confrontation clause claim. *See People v. Jones, supra.* We disagree. As the New York cases cited above demonstrate, New York requires that objections at trial be specific. While there is substantial overlap between the evidentiary rules of hearsay and the constitutional right of confrontation, the two doctrines are not identical. *See Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980). In the press of trial, it is by no means clear that a hearsay objection will alert the trial court to the problems of the Confrontation Clause. Accordingly, because Barber did not specifically object at trial on grounds of the Confrontation Clause, his procedural default bars consideration of the claim in a federal habeas proceeding.[1]

■ Finally, Barber's contention that the State may not argue waiver before this Court because it did not make a similar argument before the Appellate Division is without merit. There is no requirement that the State "exhaust" issues before state appellate courts as a condition of presenting them to a federal habeas court.

*Washington v. Harris,* 650 F.2d 447 (2d Cir.1981), on which Barber relies on this point, is inapposite. In *Washington,* the prosecution defended the petitioner's claim on the merits before the Appellate Division; it did not argue that the petitioner had waived his claim. Under those circumstances, the Second Circuit concluded that the State itself did not believe its waiver argument to be applicable, *id.* at 451, and

---

1. Although the point is not raised by Barber, we note that New York does not deem the rights assured by the Confrontation Clause to be so fundamental as to be unwaivable. *See*

*People v. Qualls,* 55 N.Y.2d 733, 431 N.E.2d 634, 447 N.Y.S.2d 149 (1981), in which a claim under the Confrontation Clause was deemed waived.

that there was therefore "no warrant ... for guarding state procedural rules more vigilantly than the State itself does." *Id.* at 452.

However, in the instant action, the State's brief to the Appellate Division does not discuss the confrontation claim at all. The State's failure to argue that a claim has been waived, in the context in which the claim is not discussed at all, is entirely different from *Washington,* in which the State defended the claim on the merits at the Appellate Division, without arguing waiver, and then defended against the claim on waiver grounds in federal court.

Our conclusion that Barber has waived his right to present his confrontation claim in this habeas proceeding should not be taken as an endorsement of the ruling of the trial court. To the contrary, we see no basis for the trial court's ruling that the statement was admitted only for the light it cast on the victim's state of mind. The fact that the victim feared the defendant would not appear relevant unless it were true that the defendant had given her reason to fear him.

Since Barber has shown neither cause nor prejudice for his failure to make a proper objection to the admission of the evidence, the Confrontation Clause claim may not be considered.

### 3. *The Speedy Trial Claim*

Barber contends that the nearly two-year delay between his arraignment and his trial constitutes a violation of his constitutional right to a speedy trial. The State answers that the delay was Barber's fault because more than eighteen months pre-trial time was consumed by Article 78 proceedings initiated by Barber to appeal a ruling of the trial court allowing the State access to certain evidence.

In *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court specified, as relevant to the determination whether the right to a speedy trial has been violated, the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the de-

fendant. *Id.* 407 U.S. at 530, 92 S.Ct. at 2191–2192.

The length of the delay in *Barker,* over five years, was described by the Supreme Court as "extraordinary" and "presumptively prejudicial." *Id.* at 533, 530, 92 S.Ct. at 2194, 2192. While the Court has given no further guidance as to lengths of time which will or will not be deemed presumptively prejudicial, we agree with Barber that two years is a substantial period to await trial (especially when incarcerated), although not in the same class as the over five year delay in *Barker.*

The reason for the delay, the time necessary to conduct a hearing and deliver a ruling on the motion, does not appear to have been chargeable to the prosecution, but rather seems to be a function of the unfortunate congestion of court dockets. The Court in *Barker* stated that "[a] more neutral reason such as ... overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.* at 531, 92 S.Ct. at 2192.

With respect to the third factor, Barber's assertion of his right, we noted that Barber not only filed a *pro se* motion for a speedy trial, but also filed a complaint with the Bar Association Grievance Committee concerning the delay. We view Barber's conduct as constituting a strong assertion of his right to a speedy trial.

The final factor, prejudice to the defendant, encompasses both the anxiety and concern of the defendant and the impairment of his defense. *Id.* at 532, 92 S.Ct. at 2193. While anxiety and concern are no doubt present in every case in which a lengthy pre-trial period of incarceration is imposed, the type of prejudice which the Court referred to as "serious," impairment of the defense, *id.* at 534, 92 S.Ct. at 2194, is not present in this case. The bulk of the case against Barber was based on the testimony of the police and fire department officers who investigated the crime. No eyewitness

testimony was introduced against him, and no contention is made that any witness for the defense died or disappeared during the two year delay. In fact, Barber concedes in his brief that "there was no impairment of the defense." (Barber's Memorandum of Law at 20).

■ Balancing the four factors discussed above, we conclude that Barber's right to a speedy trial was not violated. Although the delay was substantial, and although Barber pursued his right to a speedy trial during the delay, the fact that his defense was not impaired is critical. Although we recognize that the speedy trial provision of the Constitution is aimed at protecting against the anxiety of pre-trial incarceration as well as possible impairment of the defense, we do not believe that where, as here, the delay was not extraordinary and the reasons for the delay are not attributable to an intent to hamper the defense or even to prosecutorial negligence, the anxiety and concern of the defendant alone is not sufficient to warrant a finding that the requirement of a speedy trial has been violated. Moreover, the prejudice inherent in pre-trial delay is at least to some extent vitiated (in a case in which a defendant's defense was not impaired but in which he is ultimately convicted) by the ordinary practice of the state courts in crediting the imposed sentence for time served pre-trial.

Accordingly, the claim based on the right to a speedy trial is denied.

### 4. The State's Brief to the Appellate Division

■ Barber contends that his right to due process was violated by prejudicial statements in the State's brief to the Appellate Division. In particular, Barber complains that the brief contained a discussion of his confession to a clergyman, which the trial court has held inadmissible.

Barber is correct that there appears to be no substantial justification for the State to have included the confession in its appellate brief. However, the confession was not the focus of the brief: it appeared in a footnote on the thirteenth page. More importantly,

Barber's argument implies that there is a danger that the judges of the Appellate Division were unable to consider the legal questions raised by the appeal without being swayed by their knowledge of the confession. The suggestion is without merit: the state courts are as capable as the federal courts of disregarding prejudicial but irrelevant facts when adjudicating legal questions.

The remainder of Barber's contentions concerning the appellate brief consist of claimed exaggerations on the State's part in its characterization of the trial record. Having reviewed the briefs and the trial transcript, we conclude that none of the claimed exaggerations rises to the level of a due process violation.

### 5. The Reasonable Doubt Charge

■ Barber contends that the charge to the jury on reasonable doubt was defective in that the trial court instructed that:

"A reasonable doubt can be said to be such a doubt for which a reasonable man or woman of reasonable intelligence can give some good reason for entertaining if called upon to give such a reason."

(Transcript at 937). Barber also asserts that the jury should not have been instructed that a reasonable doubt must be based on a "sound" reason. (Transcript at 1063).

Both of the instructions to which Barber objects have been upheld by the Second Circuit Court of Appeals. See *United States v. Davis*, 328 F.2d 864, 867 (2d Cir. 1964) ("the illustration seems to put the point to jurors rather more intelligibly than the usual instruction") and *United States v. Aiken*, 373 F.2d 294, 299 (2d Cir.) (the charge that a reasonable doubt be "substantial" held not error), *cert. denied*, 389 U.S. 833, 88 S.Ct. 32, 19 L.Ed.2d 93 (1967).

Accordingly, the charge on reasonable doubt is not constitutionally defective.

\* \* \*

For the reasons stated above, Barber's petition for a writ of habeas corpus is denied.

A certificate of probable cause is granted as to the confrontation and speedy trial claims.

It is so ordered.