■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED CHIRASELLO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered November 16, 1981, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was accused by Westchester County indictment No. 81-00259-01 of the crimes of robbery in the first degree, grand larceny in the third degree (two counts), and criminal use of a firearm in the first degree. It was alleged that defendant forcibly stole more than $250 from a supermarket employee. Defendant was also alleged to have displayed what appeared to be a firearm. Defendant moved before trial, *inter alia,* to suppress identification testimony on the ground that the procedure employed by the police to obtain his identification was unnecessarily suggestive and conducive to a very substantial likelihood of irreparable misidentification (see *Simmons v United States,* 390 US 377, 384). Defendant also moved to suppress a statement allegedly made by him to law enforcement officers. He argued that suppression of the statement was mandated because it was obtained as a consequence of his unlawful detention. Prior to the commencement of the hearings on these motions, the court was advised that the People did not intend to use the defendant's statement at trial. A hearing was thereafter conducted limited to the issue of the admissibility of identification testimony. The defendant's position at the hearing was that the identification procedure was suggestive and for that reason identification testimony should be suppressed. The court (McMahon, J.), denied the motion, concluding that the identification procedure was not so "unduly" suggestive as to require suppression. The defendant argues for the first time on appeal that suppression was warranted because his identification was obtained as a consequence of his

unlawful detention. The lawfulness of the defendant's detention had been raised in connection with his motion to suppress a statement, which motion became academic because of the prosecutor's determination not to use the statement at trial. Having failed to press the lawfulness of his detention in connection with the motion to suppress identification testimony, the defendant is foreclosed from raising that issue on appeal to this court (see *People v Martin,* 50 NY2d 1029; *People v Tutt,* 38 NY2d 1011; *People v Jones,* 81 AD2d 22). Moreover, we can perceive no reason warranting consideration of this issue pursuant to our discretionary powers (see *People v Jones, supra,* pp 44-45). We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.