OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s motion to suppress granted and the indictment dismissed.
The flaw in the People’s case is that nothing preceding the encounter with defendant justified a founded suspicion that he was engaged in or about to be engaged in criminal conduct. The officer testified to no more than that he had known defendant for six years and had “arrested him on several occasions for burglary” and that, “He was just walking through the Corn Hill area. We had a rash of burglaries in the area the last few weeks and [were] concentrating our own efforts in the area. He was walking around looking at houses and aroused my suspicion.”[1] The facts that there had been previous criminal activity in the *619 area, that when stopped defendant was in an alley and that he was “looking at houses” provide no sufficient bases to infer criminal activity had been or was about to be undertaken. It can hardly be regarded as unusual that defendant was looking at houses, for there is little else to look at in a residential neighborhood, and there is no other testimony suggesting that his behavior was furtive or his movements unusual or that he was carrying anything that might provide a basis for suspicion.
In sum, a stop based on no more than that a suspect has previously been arrested for burglary and that there have been burglaries in the area is premature and unlawful and cannot be justified by subsequently acquired information resulting from the stop. And there being in the facts presented no basis for an inference of criminal activity, the issue is not beyond our power of review (cf. People v Harrison, 57 NY2d 470).[2]

. The record does not bear out the dissent’s statement that “Officer Johnson observed defendant ‘going through back allies.’ ” The hearing Judge made no such finding and the People have made no such claim at any stage of the proceeding. Officer Klotzbach used those words in testifying about Johnson’s radio dispatch to him, but the Judge sustained the defense argument that Johnson had to be called to establish the reliability of Klotzbach’s hearsay statement and reopened the hearing for that purpose. Though asked several times what he observed defendant do, Johnson’s only response was that quoted above and the finding of the hearing Judge was only that defendant was “walking in the area looking at houses, although he was doing nothing of a particular criminal nature.”

. The theory of the dissent that there was but a brief limited inquiry and that the Appellate Division correctly so held (at p 620, n 2) is incorrect as a matter of law. The People relied on no such theory at the suppression hearing (and even in this court argue only that the stop was justified by reasonable suspicion), and the Appellate Division could not uphold the action of the police on a factual theory not argued by the People below <People v Dodt, 61 NY2d 408,416; People v Knapp, 52 NY2d 689,699 [Jasen, J., concurring]). Nor is the facile suggestion of “a diversity of phraseology” (at p 620, n 2) borne out by the record. The officers repeatedly testified about “stopping” and “intercepting” defendant, the matter was argued before the hearing Judge in terms of CPL 140.50, and the Judge found that pursuant to that section Officer Johnson “was in possession of reasonable suspicion that the Defendant * * * had committed or was about to commit a crime”. The People having made no argument other than seizure before the suppression court, there was no reason for defendant to present evidence on any other theory (see People v Tutt, 38 NY2d 1011,1013), and any ambiguity in the record must be resolved in favor of defendant.