■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAVON ARNETTE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Brewster, J.), rendered January 22, 1981, convicting him of two counts of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant failed to raise his objections as to the lawfulness of his detention by the police in the court of first instance and therefore failed, as a matter of law, to preserve his claim for appellate review (CPL 470.05; *People v Martin,* 50 NY2d 1029; *People v Tutt,* 38 NY2d 1011; *People v Chirasello,* 99 AD2d 759). In any event, we find that the police had probable cause to arrest defendant. The arresting officers observed him running while approximately one quarter of a mile away from the scene of the robbery just a few minutes after the crime occurred. The officers also observed that defendant fit the eyewitness' description of the robber as to height, skin color, and the presence of a mustache. In addition, defendant was carrying a coat similar to that described by the victim and behaved nervously when he spotted the police car. Under such circumstances, probable cause to arrest was present (*see, People v Brnja,* 50 NY2d 366).

Likewise, we find unpersuasive defendant's contention that the ensuing showup identification procedure was so unduly suggestive as to violate due process. It is clear from the record before us that the showup conducted by the police at the scene of defendant's apprehension just minutes after the robbery, although far from perfect, did not expose defendant to a substantial risk of irreparable misidentification (*see, Neil v Biggers,* 409 US 188; *People v Digiosaffatte,* 63 AD2d 703). Moreover, the evidence clearly supports the hearing court's determination that the victim's observation of defendant for several minutes at close range and in broad daylight during the commission of the crime constituted an independent source for the in-court identification of defendant (*see, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847; *People v Pleasant,* 54 NY2d 972, *cert denied* 455 US 924; *People v Thompson,* 97 AD2d 554). Finally, we note that the sentence imposed was well within the bounds of both the applicable statute and sound judicial discretion, and was neither harsh nor excessive (*see, People v Farrar,* 52 NY2d 302; *People v Flores,* 101 AD2d 657). Lazer, J. P., Gibbons, O'Connor and Brown, JJ., concur.