■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CAROLINA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered April 29, 1983, convicting him of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant was arrested and subsequently convicted of selling a quantity of heroin in excess of one-half ounce to an undercover officer. He raises on this appeal various alleged trial errors which he claims warrant a reversal of the instant conviction.

Defendant first attacks the admission of the undercover officer's in-court identification of him, contending that it was the fruit of an unlawful arrest and was tainted by an impermissibly suggestive photo viewing by the officer. We disagree. The issue of whether there existed probable cause to arrest defendant is raised for the first time on appeal and as such, has not been preserved for appellate review (*see,* CPL 470.05 [2]; *People v Martin,* 50 NY2d 1029; *People v Tutt,* 38 NY2d 1011; *People v Chirasello,* 99 AD2d 759; *see also, People v Rose,*

112 AD2d 252). No challenge as to the propriety of defendant's arrest was ever made during either the pretrial proceedings or the trial itself. Thus, the record is barren of the evidence necessary for a proper resolution of this issue on the merits (*see, People v Jones,* 81 AD2d 22).

Likewise, we are not persuaded by defendant's contention that the photo viewing by the undercover agent was so unduly suggestive as to require suppression of the in-court identification. It is quite apparent from the record that the photo viewing was conducted for the sole purpose of ascertaining whether the "right man" had been arrested, and it has been observed by the Court of Appeals that the dangers of misidentification are greatly reduced when the person who views the suspect is, as in this case, a law enforcement officer who is trained to be both accurate and objective in his observations (*see, People v Morales,* 37 NY2d 262). In any event, it is clear that an independent source for the in-court identification was present here, for the agent observed defendant for several minutes at close proximity and in well-lit surroundings on three separate occasions during the day of the illegal drug sale (*see, e.g., People v Hill,* 83 AD2d 671).

Defendant's claim that the prosecution failed to prove his guilt beyond a reasonable doubt is also without merit, for the conviction was amply supported by the eyewitness testimony of two law enforcement officers. While there were some minor inconsistencies in the testimony, the jury was clearly aware of these discrepancies and resolved the issue of identification in the People's favor (*see, People v Rosenfeld,* 93 AD2d 872). We see no reason to disturb that finding.

Defendant also contends that he was denied a fair trial due to various prosecutorial improprieties and judicial errors. A close examination of the record refutes this contention, for the Assistant District Attorney did not improperly vouch for the credibility of the prosecution witnesses or imply that defendant was engaged in criminal conduct other than that for which he was indicted. Furthermore, the trial court did not err in its refusal to charge the jury as to the lesser included offense of criminal sale of a controlled substance in the third degree. The uncontroverted testimony of the People's expert clearly established that the weight of the heroin sold by defendant exceeded one-half ounce. Thus, no reasonable view of the evidence would require a charge as to the lesser count (*see, People v Shuman,* 37 NY2d 302). While the court did err in restricting defense counsel's right to make further objections during the People's summation, this error resulted in no

prejudice to defendant, as counsel saved his objections until after the conclusion of summation and then voiced them at length for the record.

We further find unpersuasive defendant's claim of ineffective assistance of counsel. This claim is entirely conclusory and finds no support in the record, for defense counsel conducted himself competently and effectively both during the pretrial hearings and the trial itself. Defendant's bare assertions to the contrary fall woefully short of establishing a lack of meaningful legal representation (see, People v Baldi, 54 NY2d 137). Moreover, this contention is belied by the fact that defendant at no time prior to this appeal expressed any dissatisfaction with his attorney (see, People v Morris, 100 AD2d 630, affd 64 NY2d 803).

We note that defendant was properly sentenced as a second felony offender, and that the sentence he received was neither harsh nor excessive, but was instead a sound exercise of the sentencing court's wide discretion (see, People v Farrar, 52 NY2d 302; People v Flores, 101 AD2d 657). We have examined the remaining contentions of defendant and find them to be without merit. Brown, J. P., O'Connor, Weinstein and Rubin, JJ., concur.