■ The People of the State of New York, Respondent, v Michael Rose, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), rendered June 7, 1983, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence as a second felony offender to an indeterminate term of from 5 to 10 years' imprisonment.

Judgment affirmed.

Before trial, defendant moved, *inter alia,* to suppress identification testimony on the ground that the photographic showup procedure employed by the police was unduly sugges-

tive and conducive to a substantial likelihood of misidentification (*see, Simmons v United States,* 390 US 377, 384). Following a hearing, the court (Owens, J.) denied the motion, concluding that the identification procedure was proper and that suppression was not required.

Defendant contends for the first time on this appeal that suppression was required because his identification was obtained as a result of an illegal arrest. Because defendant failed to raise this issue in connection with his motion to suppress identification testimony, no evidence was taken on the question of whether the police had probable cause to arrest him, thereby foreclosing review of the facts and failing to present any issue of law with respect thereto (*see, People v Martin* 50 NY2d 1029; *People v Chirasello,* 99 AD2d 759, 760; *People v Tutt,* 38 NY2d 1011; *see also, People v Carolina,* 112 AD2d 244). Moreover, there is no basis to consider it pursuant to our discretionary power to review unpreserved error in the interest of justice (*see, People v Jones,* 81 AD2d 22, 44-45).

Defendant also contends that the identification evidence was insufficient to establish his guilt of the crime of robbery in the second degree beyond a reasonable doubt. Pointing to minor inconsistencies in the testimony of the People's witnesses, defendant challenges the credibility, reliability and the weight of their testimony.

Viewing the evidence in the light most favorable to the People, as we must, we find that the record contains evidence sufficient in quantity and quality to support the verdict (*see, People v Malizia,* 62 NY2d 755, 757, *cert denied* — US —, 105 S Ct 327; *People v Contes,* 60 NY2d 620, 621). Issues of credibility, reliability and the weight to be given to the evidence were for the jury to resolve, and we find no basis to overturn its verdict (*People v Lee,* 308 NY 302, 304; *Barnet v Cannizzaro,* 3 AD2d 745, 747).

We have examined defendant's remaining contentions, including those raised *pro se,* and find them to be without merit. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.