■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN CORLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Walsh, J.), rendered May 27, 1983, convicting him of grand larceny in the third degree and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, in part, after a hearing, of that branch of the defendant's omnibus motion which sought the suppression of identification testimony.

Judgment affirmed.

Giving the People the benefit of every inference that may be reasonably drawn from the evidence *(see, People v Way,* 59 NY2d 361, 365), our review of the record indicates that the jury did not indulge in any unwarranted inferences, and reached a reasonable determination of guilt beyond a reasonable doubt *(see, e.g., People v Barnes,* 50 NY2d 375; *People v Kennedy,* 47 NY2d 196; *People v Betancourt,* 111 AD2d 762).

The evidence clearly supports the hearing court's determination that the viewing of the defendant by the civilian witnesses during the commission of the crime for between 5 and 15 minutes at close range under good lighting constituted an independent source for the in-court identifications of the defendant *(see, People v Arnette,* 111 AD2d 861).

We have considered the defendant's other contentions and find them to be without merit. Gibbons, J. P., Brown, Weinstein and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DAYSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered April 7, 1982, convicting him of robbery in the second degree (two counts) and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The prosecutor's remarks concerning reasonable doubt, while not ideal, were not prejudicial *(see, People v Cheek,* 121 AD2d 649 [decided herewith]; *People v Robinson,* 83 AD2d 887). The defendant's remaining contentions, including that his sentence was excessive, are without merit. Gibbons, J. P., Brown, Weinstein and Kooper, JJ., concur.