■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES RHODEN, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (Delin, J.), both rendered January 25, 1985, convicting him of sodomy in the first degree, sexual abuse in the first degree, robbery in the third degree, assault in the second degree and assault in the first degree, under indictment No. 58948, and rape in the first degree, sodomy in the first degree (two counts), attempted sodomy in the first degree (two counts), burglary in the first degree and robbery in the third degree, under indictment No. 58635, respectively, upon a jury verdict, and imposing sentences. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress an oral confession.

Ordered that the judgments are affirmed.

Contrary to the defendant's argument, the highly detailed description by the victims of their assailant gave the police probable cause to arrest the defendant, who met that description in every crucial detail *(see, People v White,* 117 AD2d 127, *lv denied* 68 NY2d 818; *People v Arnette,* 111 AD2d 861). The suppression court, which saw and heard the witnesses, found that the defendant was given his *Miranda* warnings and that his oral confession was voluntary. These findings are sup-

ported in the record and should not be disturbed *(People v Prochilo,* 41 NY2d 759, 761).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that the trial testimony was legally sufficient for the jury to find the defendant guilty of the charges upon which he was convicted. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant also argues that the prosecutor's use of a peremptory challenge to excuse a black juror was improper. We disagree. The record indicates that the prosecutor proffered a race-neutral explanation for the challenge and thus no error was committed *(see, People v Baysden,* 128 AD2d 795, *lv denied* 70 NY2d 798; *Batson v Kentucky,* 476 US 79).

We have reviewed the remaining arguments raised by the defendant and find them to be without merit *(see, People v McGee,* 49 NY2d 48, 59, *cert denied sub nom. Waters v New York,* 446 US 942). Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.