THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY HENLEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered March 22, 1985, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the police officers did not have probable cause for his arrest; that the showup identification was unduly suggestive and should have been suppressed; and that, consequently, the in-court identification was so tainted by the showup identification that it ought not to have been allowed. He also contends that the People failed to prove his guilt beyond a reasonable doubt.

We note that the defendant never raised the issue of probable cause for his arrest at his pretrial suppression hearing. By not doing so, he failed to preserve the issue for appellate review *(People v Martin,* 50 NY2d 1029; *People v Chirasello,* 99 AD2d 759).

A showup identification is not per se improper and may be sustained where the witness is shown the suspect within a relatively short time after the incident *(People v Brnja,* 70 AD2d 17, *affd* 50 NY2d 366; *People v Alleyne,* 136 AD2d 552, *lv denied* 71 NY2d 892). In this case, the defendant was detained within 15 minutes of the alleged robbery and approximately four blocks away. He was immediately returned to the scene where he was identified by three witnesses as the person who had robbed the store. The record also reveals that the in-court identification by the three witnesses had an independent basis *(see, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Lawrence, J. P., Rubin, Spatt and Sullivan, JJ., concur.