■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BENJAMIN, Appellant.—Judgment of the Supreme Court, Bronx County (Bernard Fried, J., at suppression hearing, trial and sentence), rendered on May 18, 1987, after a jury trial, convicting defendant of two counts of assault in the second degree and two counts of criminal possession of a weapon in the third degree, and sentencing defendant to four indeterminate terms of imprisonment of 3½ to 7 years, two of which were imposed consecutively, is unanimously affirmed.

After trial defendant was convicted of assaulting his infant son. In three statements to the authorities, defendant explained that his four-year-old son was a wild child who needed discipline. The evidence showed that the defendant beat the child, who had awakened during the night and taken a drink from an old soda bottle. For several minutes defendant hit his son with a plastic bat.

Before trial defendant moved to suppress his statements. He advanced the narrow contention that his confessions were coerced or the product of improper inducement. At the hearing, defendant testified that the investigating detective physically and verbally abused him. Defendant claimed that he had not received the *Miranda* warnings, but had been offered protective custody if he made a statement.

Defendant's claim on appeal that his confessions should have been suppressed because his arrest was not supported by probable cause has not been preserved. *(Cf., People v Martin,* 50 NY2d 1029; *People v Tutt,* 38 NY2d 1011.) Moreover, if the issue were to be considered in the interest of justice, we would nevertheless affirm. The custodial interrogations were supported by probable cause. The circumstances of the infant's injuries were manifestly criminal. Defendant's paramour had

made statements linking herself and another to the beating, and the circumstances plainly suggested that the beatings had taken place recently in the apartment. Defendant was connected to the apartment not only by his presence in the bedroom when the detectives arrived, but by an earlier statement that he had tried to resuscitate the infant. The circumstances support probable cause, because they make it "at least more probable than not that a crime has taken place and that the one arrested [was] its perpetrator". *(People v Carrasquillo,* 54 NY2d 248, 254.)

We also find no merit to defendant's claim that the trial court abused its sentencing discretion. Concur—Murphy, P. J., Ross, Asch and Wallach, JJ.