■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BYRD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Kepner, J.), rendered August 12, 1987, convicting him of burglary in the second degree, criminal possession of stolen property in the

first degree, possession of burglar's tools, and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Delin, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was deprived of due process and a fair trial by being excluded from the courtroom during a portion of a pretrial suppression hearing. While a criminal defendant has an absolute right to be present during all material stages of the trial (see, People v Ciaccio, 47 NY2d 431, 436), this right may be forfeited if a defendant's behavior is so disruptive as to impair the orderly and dignified administration of justice (see, CPL 260.20; People v Palermo, 32 NY2d 222, 225). In the case at bar, the record reveals that during the course of the pretrial hearing, the defendant used obscenities, continually interrupted and denigrated the court, engaged in delaying tactics, and refused to proceed with the hearing. The defendant continued these activities despite being warned by the court that if he continued he would be removed. Thus, it was entirely proper for the court to exclude the defendant.

Nor do we find anything improper with the brief stop, detention and subsequent showup identification of the defendant. Showups occurring in close proximity to the scene of a crime and within a relatively short time after the crime are in accordance with proper police procedures (see, People v Hicks, 68 NY2d 234; People v Henley, 145 AD2d 570; People v Molina, 140 AD2d 377). The defendant was detained within approximately 20 minutes of the alleged burglary and a few blocks away. The witness was immediately brought to the scene and identified the defendant. Thus, the items recovered from the defendant's person after his arrest were properly admitted into evidence (see, People v Brown, 146 AD2d 793).

Furthermore, we find that the prosecutor did not improperly bolster the witness's prior identification. Since the witness was unable at trial to make an in-court identification of the defendant based upon present recollection, it was proper for the prosecutor to present two police officers to testify as to the witness's prior identification (see, CPL 60.25; People v Nival, 33 NY2d 391; People v Hernandez, 154 AD2d 197).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and his

claim that the sentence was excessive and find them either to be unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.