■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN BROWN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered February 20, 1990, convicting him of attempted murder in the first degree (two counts), aggravated assault on a police officer, attempted aggravated assault upon a police officer, assault in the first degree (two counts), reckless endangerment in the first degree (two counts), criminal possession of a weapon in the third degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal use of a firearm in the first degree, criminal use of a firearm in the second degree, and trespass, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the identification testimony of three police officers should have been precluded because he did not receive adequate notice pursuant to CPL 710.30. However, by pleading guilty the defendant forfeited his right to seek reversal on this ground (see, People v Taylor, 65 NY2d 1; People v Collins, 156 AD2d 786).

The defendant also argues that his arrest was effected without probable cause, and thus that the subsequent identifications made by two police officers must be suppressed. The defendant never raised this issue before the hearing court and it is, therefore, unpreserved for appellate review. The record is barren of the evidence necessary for a proper resolution of this issue on the merits (see, People v Carolina, 112 AD2d 244; People v Jones, 81 AD2d 22).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Lawrence and Santucci, JJ., concur.