■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER WEAVER, Appellant. (Appeal No. 1.) [601 NYS2d 896] — Judgment unanimously affirmed. Memorandum: Defendant's motion to suppress identification testimony was properly denied. Defendant's contention that the trial court failed to comply with CPL 710.60 (6) is raised for the first time on appeal and we decline to review the issue in the interest of justice (see, People v Hunt, 187 AD2d 981, lv denied 81 NY2d 887).

The trial court's failure to order, sua sponte, a psychiatric examination to determine whether defendant was competent to stand trial (see, CPL 730.30 [1]) did not constitute an abuse of discretion (see, People v Savona, 176 AD2d 362, lv denied 79 NY2d 864; People v Bancroft, 110 AD2d 773, lv denied 65 NY2d 812).

We reject defendant's contention that he was deprived of his right to be present at trial because he was removed from the courtroom during voir dire, the probation violation hearing and sentencing. The court properly excluded defendant when he continued to engage in disorderly and disruptive conduct after being warned by the court that he would be removed (see, CPL 260.20; People v Byrd, 163 AD2d 407, 408).

The verdict finding defendant guilty of robbery in the third degree and not guilty of grand larceny in the fourth degree is not repugnant (see, People v Loughlin, 76 NY2d 804, 806).

Defendant was not deprived of a fair trial by prosecutorial misconduct (see, People v Galloway, 54 NY2d 396, 401). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Robbery, 3rd Degree.) Present—Callahan, J. P., Green, Lawton, Fallon and Boehm, JJ.