■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE JONES, Appellant. [614 NYS2d 210] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.) rendered December 1, 1992, convicting him of robbery in the second degree (two counts), grand larceny in the third degree, criminal possession of stolen property in the third degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove his identity beyond a reasonable doubt because the complainant was only able to view the defendant for a few seconds is unpreserved for appellate review since the defense counsel never raised a specific claim as to the issue of identity *(see,* CPL 470.05 [2]; *People v Hemphill,* 187 AD2d 728). In any event, this claim is without merit.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish his identification as the robber beyond a reasonable doubt *(see, People v Hyatt,* 162 AD2d 713; *People v Androvett,* 135 AD2d 640). Moreover, upon the exer-

cise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant was identified by the complainant in close temporal and regional proximity to the crime. Under the circumstances of this case, the showup procedure was proper *(see, People v Williams,* 150 AD2d 821; *People v Henley,* 145 AD2d 570; *People v McLamb,* 140 AD2d 717). Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.