■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GARVEY, Appellant. [717 NYS2d 181] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered March 31, 1998, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second felony offender, to a term of 10 years, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. Defendant's claim that his identification occurred under circumstances that were so suggestive that the identification should have been suppressed as unreliable notwithstanding the complete absence of police involvement is raised for the first time on appeal (*see, People v Tutt*, 38 NY2d 1011), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that the identification was sufficiently reliable under all the circumstances (*see, Dunnigan v Keane*, 137 F3d 117, 128-130, *cert denied* 525 US 840).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292).

The court properly exercised its discretion in denying defendant's mistrial motion made after the court discharged a juror who recognized a prosecution witness as his son's bus driver, since the court conducted a sufficient inquiry to determine that the other jurors' awareness of the possible acquaintanceship would not affect their ability to be fair and impartial (*see, People v Buford*, 69 NY2d 290).

We perceive no basis for reduction of sentence. Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Andrias, JJ.