■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY RICHARDSON, Appellant. [735 NYS2d 772] —Judgment, Supreme Court, New York County (John Stackhouse, J.), rendered July 6, 2000, convicting defendant of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to three concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant's claim that it was insufficient for the arresting officer to testify that defendant met the descriptions provided by the undercover officers is unpreserved (*see, People v Tutt*, 38 NY2d 1011), and we decline to review it in the interest of justice. Were we to review this claim, we would find that probable cause was established because the details of the descriptions were elicited (*People v Cintron*, 232 AD2d 192, *lv denied* 89 NY2d 863).

The court's *Sandoval* ruling limited the prosecutor's inquiry to the fact of defendant's 12 most recent misdemeanor convictions as well as one felony conviction. Although, as is conceded, the prosecutor's cross-examination went beyond the parameters of the court's ruling, this limited questioning was harmless given the overwhelming proof of defendant's guilt (*see, People v Crimmins*, 36 NY2d 230), which included the recovery of prerecorded buy money and additional drugs from defendant. Moreover, the court repeatedly cautioned the jury that these convictions were to be considered only as to the issues of credibility, not propensity. Concur—Nardelli, J.P., Mazzarelli, Saxe, Sullivan and Ellerin, JJ.