■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ALSTON, Appellant. [778 NYS2d 881]—

Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered November 1, 2002, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that defendant did not make a prima facie showing of intentional discrimination in the People's use of peremptory challenges (*see People v Brown*, 97 NY2d 500, 507-508 [2002]). Defendant's numerical argument was unpersuasive, and nothing in the prosecutor's voir dire of prospective jurors suggested an intent to engage in racial discrimination. Since the

court only ruled on the first *Batson* step, and since that ruling was correct, defendant's other arguments are academic. In any event, we would find those arguments to be unavailing.

The court properly denied defendant's suppression motion. Defendant failed to preserve his present claim that the description communicated by the observing officer to the arresting officer was inadequate to justify the search (*see People v Tutt*, 38 NY2d 1011 [1976]), and the court did not "expressly decide[ ]" (CPL 470.05 [2]) that issue (*see People v Turriago*, 90 NY2d 77, 83-84 [1997]). We decline to review this claim in the interest of justice. Were we to review this claim, we would find that the description of defendant and the vehicle he entered after purchasing drugs was sufficient to establish probable cause, given the extremely close temporal and spatial proximity between the drug transaction and defendant's arrest. Concur—Saxe, J.P., Ellerin, Williams, Lerner and Sweeny, JJ.