■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNALDO MOYA, Appellant. [826 NYS2d 70]—

Judgment, Supreme Court, Bronx County (Edward M. Davidowitz, J., at suppression hearing; Dominic R. Massaro, J., at plea and sentence), rendered August 20, 2003, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him to a term of 3 to 9 years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

The court properly denied defendant's suppression motion. Defendant did not preserve his claim that the People failed to establish that the search of the car was in accordance with stan-

dard inventory procedures and that such procedures were constitutionally appropriate (*see People v Tutt*, 38 NY2d 1011 [1976]; *People v Dickens*, 218 AD2d 584 [1995], *affd* 88 NY2d 1031 [1996]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the hearing evidence, along with reasonable inferences to be drawn therefrom, established that the inventory search met all constitutional requirements.

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Sweeny, JJ.