■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LUBBE, Appellant. [871 NYS2d 87]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J., at hearing; Daniel P. FitzGerald, J., at plea and sentence), rendered November 2, 2006, convicting defendant of possessing a sexual performance by a child, and sentencing him to a conditional discharge, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5) relating to the stay of execution of judgment.

All of defendant's suppression arguments are unpreserved (*see e.g. People v Martin*, 50 NY2d 1029 [1980]), and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The court properly denied defendant's motion to suppress the evidence seized from his computer. After learning from defendant's companion that she had discovered child pornography on his computer, the police were entitled to remain in defendant's apartment while they obtained a warrant, even though he withdrew his consent to their presence and asked them to leave (*see People v Arnau*, 58 NY2d 27, 36-37 [1982]; *Segura v United States*, 468 US 796, 810 [1984]). The ensuing warrant was based on probable cause (*see People v Bigelow*, 66 NY2d 417, 423 [1985]; *Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]), and was sufficiently specific to satisfy constitutional requirements. Concur—Saxe, J.P., Nardelli, Buckley, Moskowitz and Renwick, JJ.