▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RADHAMES MOJICA-SANCHEZ, Appellant. [934 NYS2d 388]—

The court properly denied defendant's suppression motion. The suppression issue turns on whether the warrantless entry into defendant's apartment, made after an informant advised the police that a very large quantity of drugs was present, was justified by exigent circumstances. The suppression hearing was conducted in two stages; after initially denying suppression, the court reopened the hearing to permit a prosecution witness to be questioned about documents that may not have been available to the defense at the initial hearing. Defendant made no arguments after the reopened hearing, and the court subsequently adhered to its original decision.

On appeal, defendant's principal argument is that the reopened suppression hearing revealed new evidence proving that the police had a longer opportunity to obtain a warrant than the time frame established at the initial hearing, and that the police had, at least, sufficient time to obtain a telephone warrant under CPL 690.36. Defendant's arguments at the initial hearing were inadequate to alert the court to this specific issue or permit the People to address it (see People v Tutt, 38 NY2d 1011, 1013 [1976]). Furthermore, defendant has failed to create a record adequate for review of this fact-based claim (see People v Kinchen, 60 NY2d 772 [1983]).

Accordingly, this claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The evidence amply established exigent circumstances, and the testimony at the reopened hearing did not undermine that conclusion. As the hearing court concluded, the police had reason to believe defendant and his accomplices were likely to realize they were under police surveillance, which would lead them to flee or remove the drugs. The new testimony did not establish that the police had additional time to obtain a warrant that was not accounted for at the initial hearing. In any event, even accepting the new time frame posited by defendant on appeal, the evidence still does not establish that the police had sufficient time to obtain a warrant, by telephone or otherwise, so as to defeat a claim of exigent circumstances (see United States v Malik, 642 F Supp 1009, 1012 [SD NY 1986]). Concur—Mazzarelli, J.P., Andrias, Renwick, Freedman and Manzanet-Daniels, JJ.