THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN KELLY BEAM, Appellant.

Third Department, October 29, 1981

**APPEARANCES OF COUNSEL**

*Steven T. Wax, Public Defender,* for appellant.
*Patrick D. Monserrate, District Attorney (Patrick H. Mathews* of counsel), for respondent.

**OPINION OF THE COURT**

HERLIHY, J.

Defendant raises issues of legal error in this case related to the introduction into evidence of uncharged crimes on the issue of his identity as perpetrator of the alleged crimes and testimony of a policeman regarding another witness' earlier identification of defendant. For the reasons set forth in the companion case of *People v Beam* (84 AD2d 653 [decided herewith]), we find no basis for a reversal for legal error. Specifically, the uncharged crimes are admissible under the rule of *People v Condon* (26 NY2d 139, 142) since the eyewitness identification herein was subject to attack as to the witness' credibility. The bolstering testimony of the policeman on identification was not prejudicial.

Defendant, at the close of the People's case, moved for a dismissal for failure to prove forcible compulsion and renewed that motion at the close of the case with the trial court denying the motion. Upon this appeal, defendant urges that the People failed to prove forcible compulsion beyond a reasonable doubt. In connection with this argument, it is noted that the trial court also charged the lesser included offense of consensual sodomy (Penal Law, § 130.38).

The victim testified that after he initially refused to engage in consensual sodomy, defendant put an arm around his neck so that it was "pretty tight, almost choking me; it was hurting", and thus holding him, pushed him along a pathway inside or under a bridge. While he testified that defendant had a hold on him at all times, he did not describe in any way the manner of such restraint after he was under the bridge. He testified that although while under the bridge, he and defendant each performed the act of fellatio and the incident culminated in deviate intercourse between defendant's penis and his anus, he made no effort at resistance and did not attempt to leave until after defendant left.

Defendant's application of superior force at the outset of the encounter is sufficient to support the inference of an implicit threat of serious physical injury if the complainant did not submit to the deviate intercourse. The complainant testified that he offered no great resistance because "I knew I would have really been hurt". Accordingly, the People did prove forcible compulsion as defined in subdivision 8 of section 130.00 of the Penal Law.

Defendant contends that the language of subdivision 8 of section 130.00 of the Penal Law defining forcible compulsion, as amended by chapter 692 of the Laws of 1977 so as to require only such force which is capable of overcoming "resistance of a type reasonably to be expected from a person who genuinely refuses to participate", is ambiguous and, therefore, unconstitutional. However, as we read the statute, it is of such a plain meaning as to require a jury to find that the victim was an unwilling participant and participated only because the actual force or threats were such as to cause a reasonable person not to physically

resist any more than he or she did, if at all, under the circumstances. We do not perceive the statutory requirements as creating any unreasonable ambiguity as a standard of conduct. In sum, a person pursuing the physical pleasures of sexual intercourse has the obligation to not utilize force or threats of force capable of causing serious physical injury while seeking gratification from a person who expressly does not wish to participate. Defendant has not established any unconstitutionality as to the statutory definition of forcible compulsion.

The judgment should be affirmed.

MAIN, J. P., MIKOLL, YESAWICH, JR., and WEISS, JJ., concur.

Judgment affirmed.