### (March 25, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PAUL KAMINSKI, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered May 23, 1980, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree and burglary in the second degree. On the evening of October 20, 1979, complainant, home alone with her 15-month-old baby, fell asleep awaiting her husband's return, later that night, from a business trip. Their dwelling was located in a rural area the nearest neighbor being approximately one-quarter mile away. Sometime after 10:00 P.M., this slight 114-pound, five-foot four-inch woman felt something covering her face and awoke to the frightful apparition of an intruder wearing a ski mask and holding a gloved hand over her mouth. She testified that at that point she believed she was going to die. The masked man then said "quiet" and, while kneeling on the bed between her and the only doorway to the room, demanded money. When the victim, who further testified she feared not only for her own but her child's safety as well, acceded to his request and started up from the bed to get money, defendant pushed her back down declaring, "No, I want you". While throughout she kept imploring him

not to hurt her or the baby and leave, defendant unmasked, disrobed, yanked away the covers she was clutching and penetrated her until she summoned enough strength to push him away. Her attempt to escape was thwarted when he grasped her leg, after which he sodomized her, and then fled. The victim immediately reported the incident to her neighbors and the police. Notwithstanding defendant's contention to the contrary, the jury was clearly justified in concluding that "forcible compulsion", an essential element of the forcible rape and sodomy crimes charged, was employed (Penal Law, § 130.35, subd 1; § 130.50, subd 1). Though the victim may not have suffered actual physical injury nor been verbally threatened, nevertheless forcible compulsion within the meaning of subdivision 8 of section 130.00 of the Penal Law is inferable, for defendant's unexpected and terrifying appearance at this isolated home, where the victim knew that screaming would be useless, and the ease with which this 175-pound, 5-foot 10-inch stranger overcame her attempts to resist or escape, combined to present to her an implied threat of danger to either herself or her infant, unless she complied with his wishes (see *People v Beam,* 83 AD2d 82, mot for lv to app granted 55 NY2d 827; *People v Vicaretti,* 54 AD2d 236). Also unavailing is the claim that the trial court should have suppressed certain articles of evidence, including a ski mask and leather gloves, first observed by the police inside defendant's car parked in the private driveway of his residence. Defendant argues that at the time they observed the articles the officers were in the course of making a warrantless arrest, barred by *Payton v New York* (445 US 573), and thus, although the objects were in plain view, the police had illegally obtained their point of vantage. Significantly, the arrest occurred before the *Payton* decision was rendered and this court has declined to apply *Payton* retroactively (*People v Graham,* 76 AD2d 228, mot for lv to app den 53 NY2d 943). The articles were correctly ruled admissible. Nor are we inclined to accept defendant's plea for a reduced sentence in light of the gravity of the crimes committed and defendant's prior record of sexual offenses. As for the other contentions advanced by defendant, we have considered them and find that they also lack merit. Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.