■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE CARL STOESSER, Appellant. — Appeals (1) from a judgment of the County Court of Delaware County (Farley, J.), rendered December 21, 1981, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree, and unlawful imprisonment in the second degree, and (2) by

permission, from an order of said court, dated June 28, 1982, which denied defendant's cross motion to vacate the judgment of conviction.[*] The alleged victim testified at the trial that defendant stopped his vehicle and picked her up while she was hitchhiking on New York Route 10 between Walton and Hancock, New York, en route to her parents' home in Pennsylvania. During the ride, defendant pulled off the road, stopped his car, punched her sharply on the temple and choked her for 30 seconds with such force that she could not breathe. He then locked the door on her side of the car and resumed driving. Thereafter, he drove off the main highway onto a dirt road and finally stopped at a remote, secluded area, while she pleaded with him not to kill her and told him, "I'll do anything you want, just don't kill me". Defendant removed the clothing from the lower part of his body and both parties got out of the car. Defendant then directed her to remove all of her clothes and to submit to acts of oral sodomy and of sexual intercourse. The foregoing facts, if believed by a jury, were amply sufficient to establish each and every element of the crimes of rape and sodomy in the first degree, including the element of forcible compulsion by "a threat, express or implied, [that] places a person in fear of immediate death or serious physical injury" (Penal Law, § 130.00, subd 8; *People v Greer*, 42 NY2d 170, 174-175; *People v Kaminski*, 87 AD2d 724, 725; *People v Randall*, 86 AD2d 918, 919). Under the proof adduced at the trial, County Court's instruction that the jury must determine "from the defendant's view whether he had the victim's consent or not" adequately charged the requisite state of mental culpability for commission of the crimes of rape and sodomy. Moreover, reading the charge as a whole, the court's retraction of its original erroneous charge with respect to corroboration could not have left the jury with the impression that proof merely of an attempt was a sufficient basis to convict defendant of the substantive crimes of rape and sodomy. Nor was error committed in the court's *Sandoval* ruling. It was well within the court's discretion to permit cross-examination of defendant as to prior convictions for robbery and assault, while barring cross-examination on defendant's prior sodomy conviction. The court's *Sandoval* ruling does not support defendant's contention that the prosecution would have been permitted to cross-examine concerning the underlying facts of the assault conviction, namely, that the assault was sexually motivated. There was, moreover, nothing in the record to establish that the court was made aware of those underlying facts at the time of the *Sandoval* ruling. Without expressly bringing those underlying facts to the court's attention, defendant failed to sustain his burden of demonstrating that the possible prejudice from admission of that conviction outweighed its probative value on credibility (*People v Sandoval*, 34 NY2d 371, 378). Certainly, it was not established that the court was aware of such facts merely because they were contained in a presentence report submitted to the court some three years earlier for purposes of a prior sentencing. Our review of the minutes of sentencing on December 21, 1981 and on June 7, 1982 fails to support defendant's contention that County Court impermissibly modified its sentence to have it run consecutively rather than concurrently with a prior conviction. In the proceeding on June 7, the court merely clarified an ambiguity contained in the original sentence, without altering its intent to have that sentence run consecutively with the prior one. A court, civil or criminal, has the inherent power to correct apparent ambiguities in its judgments (*People ex rel. Hirschberg v Orange County Ct.*, 271 NY 151, 156-157; *Bohlen v Metropolitan El. Ry. Co.*, 121 NY 546, 550-551). Defendant's remaining assignments of

---

[*] A previous conviction for the same crimes was reversed by the Court of Appeals (*People v Stoesser*, 53 NY2d 648) on the ground that inculpatory statements made by defendant to the police and certain items taken from defendant's car during a warrantless search should have been suppressed.

error with respect to his convictions for rape and sodomy in the first degree are equally without merit, and, therefore, said convictions should be affirmed. A different result, however, is necessary with respect to defendant's conviction for unlawful imprisonment. Here, any restraint defendant imposed upon the victim was clearly wholly incidental to and inseparable from the substantive crimes of rape and sodomy. Therefore, the merger doctrine applies to preclude conviction for unlawful imprisonment (*People v Geaslen,* 54 NY2d 510, 516-517; *People v Graham,* 69 AD2d 544, 549, vacated on other grounds 446 US 932). That conviction must, therefore, be vacated. Judgment modified, on the law and the facts, by reversing the conviction of unlawful imprisonment in the second degree and dismissing the count of the indictment therefor, and, as so modified, affirmed. Order dated June 28, 1982, affirmed. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.