■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD TURNER, JR., Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Battisti, Jr., J.), rendered May 12, 1982, upon a verdict convicting defendant of the crime of rape in the first degree. Defendant contends on appeal that the prosecution did not establish complainant's "earnest resistance" to defendant's "forcible compulsion" and, in any event, the jury's verdict was against the weight of evidence. We conclude otherwise. Complainant, defendant and corroborating witnesses testified to the same general circumstances preceding the rape. It was July 6, 1981; the girl had just returned from a weekend trip to New England with her beau and another male companion. They and others were having an informal party, which defendant joined, in a parking lot next to defendant's apartment building. At approximately 4:00 A.M., the police dispersed them and defendant, complainant, her boyfriend and possibly two others went to defendant's apartment. Within an hour the other people had left for various reasons and defendant and complainant were alone. They talked, played checkers and then went to look for complainant's boyfriend outside. At this point their stories diverge. Complainant testified she was tricked by defendant into returning to his apartment; that he kept her there against her will, allegedly because her boyfriend owed him some money; that defendant made repeated advances towards her which she rebuffed; that he grabbed her hair and arms and punched her in the jaw, after which he demanded she remove her clothes and raped her. Defendant's testimony was that they returned to his apartment and engaged in consensual intercourse. Three corroborating witnesses, who were friends of defendant, testified to complainant's bruised appearance upon leaving defendant's apartment. She immediately told her boyfriend she had been raped and another friend drove her to the hospital, where a Johnson rape kit test was conducted and she was treated for injuries consisting of bruises of the arm, leg and jaw. The attending physician's testimony and photographs admitted into evidence attested to her battered appearance. The issue at trial was essentially one of credibility. Complainant's testimony, as corroborated by several witnesses, if believed by the jury, which it obviously was, established her earnest resistance and was sufficient to convict defendant. Defendant's reliance on *People v Hughes* (41 AD2d 333, app dsmd 36 NY2d 981) is misplaced, for *Hughes* is readily distinguishable. There, the People failed not only to meet their burden of proving complainant's utmost resistance and not earnest resistance, as is currently required under section 130.35 and subdivision 8 of section 130.00 of the Penal Law, but the complainant's alleged rape occurred in the presence of her two male companions who did nothing to help her, she did not avail herself of any opportunity to escape, she reported the incident the next afternoon only after being picked up by the police as a runaway and the allegation of rape suited her own interest and purposes. By contrast, here, complainant, a 5 feet 2½ inches tall 19-year-old girl, was left alone with a 35-year-old 6 feet 1 inch tall man weighing approximately 200 pounds. While in his locked apartment, she pleaded with defendant to stop, cried at his advances, feigned a vaginal

infection and attempted to escape four times, each time being either physically restrained or struck in the face. Furthermore, she reported the rape immediately to her friends and promptly went to the hospital. Judgment affirmed. Kane, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.