**Robert HOWE, Petitioner,**

v.

**Charles SCULLY, Respondent.**

**No. 82 Civ. 5050 (JES).**

United States District Court,
S.D. New York.

April 11, 1984.

Robert Howe, petitioner, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for respondent; George C. Perry, Asst. Atty. Gen., New York City, of counsel.

## OPINION & ORDER

SPRIZZO, District Judge:

Petitioner, Robert Howe, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982). He was convicted of rape in the first degree and sexual abuse in the first degree on March 7, 1979 in New York Supreme Court, New York County. He asserts the following five grounds in support of his petition:

(1) he was denied due process at trial by the admission of certain hearsay testimony and by his attorney's failure to timely object to that testimony;

(2) the evidence on the issue of forcible compulsion, a necessary element of the offenses charged, was insufficient to sustain his conviction;

(3) evidence of the victim's prior sexual conduct should have been admitted into evidence;

(4) he was denied his right to compulsory process by the court's refusal to grant compulsory process and/or an adjournment for the production of a potential defense witness; and,

(5) the "facts as a whole" demonstrate that he was deprived of a fair trial.[1]

This petition was referred to Magistrate Joel J. Tyler for his report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (1982). Magistrate Tyler issued a report in which he recommended that the petition be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), because it contains unexhausted claims. Report at 25. Magistrate Tyler found that petitioner had exhausted only his second, fourth and one component of his fifth ground for relief and that his remaining claims had not been properly presented to the state courts.[2] Report at 13–26; *see Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190–92 (2d Cir.1982) (en banc).

## DISCUSSION

With the exception of Magistrate Tyler's conclusion that petitioner's second claim—insufficiency of the evidence—was exhausted, the Court agrees with his analysis and adopts his report.

### Insufficiency of the Evidence

The Court finds that this claim was not presented to the state courts as a *federal* constitutional claim and is therefore unexhausted. *See Daye*, 696 F.2d at 192–94. As Magistrate Tyler noted in his report, petitioner's brief to the appellate division in support of this claim cited no cases, either state or federal, relying on federal constitutional analysis.[3] Report at 17.

■ A claim of insufficiency of the evidence " 'is essentially a question of state

---

**1.** Petitioner's fifth ground, that the "facts as a whole" or the "totality of the circumstances" warrant a new trial also encompasses some separate individualized claims, *i.e.*, that the victim perjured herself, that the District Attorney made erroneous representations to the court, and that the trial judge was prejudiced against petitioner.

**2.** After receiving a copy of the Magistrate's report, petitioner filed objections. The Court is required, pursuant to 28 U.S.C. § 636(b)(1)(C), to make a *de novo* determination of those portions of the report to which objection is made; however, in this case, the petitioner's objections do not address the Magistrate's exhaustion findings, which were the basis for his recommenda-

tion that the petition be dismissed. Instead, petitioner attacks the performance of his trial and appellate counsel. Without commenting on the merits of a potential ineffective assistance of counsel claim, the Court simply notes that such a claim has not been raised as a basis for the instant petition and is not, in any event, exhausted.

**3.** The Magistrate concluded, however, that Howe had nevertheless asserted his claim "in terms so particular as to call to mind a specific right protected by the Constitution." Report at 17 (citing *Daye*, 696 F.2d at 194).

law and does not rise to federal constitutional dimensions' ... absent a record so totally devoid of evidentiary support that a due process issue is raised." *Mapp v. Warden, New York State Correctional Institution,* 531 F.2d 1167, 1173 n. 8 at 1174 (2d Cir.), *cert. denied,* 429 U.S. 982, 97 S.Ct. 498, 50 L.Ed.2d 592 (1976) (citation omitted) (emphasis added) (quoting *United States ex rel. Terry v. Henderson,* 462 F.2d 1125, 1131 (2d Cir.1972)). The record in this case is scarcely "devoid of evidentiary support" on the issue of forcible compulsion. *See* Trial Transcript at 71–81, 120–32, 134–36; *cf. People v. Beam,* 83 A.D.2d 82, 82–83, 444 N.Y.S.2d 300, 301–02 (3d Dep't 1981), *aff'd,* 57 N.Y.2d 241, 455 N.Y. S.2d 575, 441 N.E.2d 1093 (1982). That being the case, this Court cannot, consistently with *Mapp, supra,* find petitioner's second claim to be exhausted where his appellate brief failed to cite a single case discussing insufficiency of the evidence in federal constitutional terms.

---

**4.** If petitioner elects to proceed solely upon his exhausted claims, he risks dismissal of a subsequent petition as an abuse of the writ. *Rose v.*

## CONCLUSION

The Court finds that petitioner's second ground in support of this petition—insufficiency of the evidence—was not fairly presented to the state courts as a federal constitutional claim and was therefore not exhausted. The Court adopts Magistrate Tyler's exhaustion findings with respect to petitioner's other claims.

Since this petition is a "mixed petition," presenting both exhausted and unexhausted claims, it must be dismissed pursuant to *Rose v. Lundy,* 455 U.S. 509, 520–22, 102 S.Ct. 1198, 1204–1205, 71 L.Ed.2d 379 (1982), unless an amended petition is filed within thirty (30) days omitting the unexhausted claims.[4]

*Lundy,* 455 U.S. at 520–21, 102 S.Ct. at 1204–1205.