■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES F. FLORES, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered June 25, 1982, upon a verdict convicting defendant of the crime of rape in the first degree. ¶ On the evening of March 31, 1982, a 21-year-old woman went to a number of bars on Central Avenue in the City of Albany. At approximately 3:45 A.M., the next morning, she left the Eight Ball Lounge to walk home. As she neared Swineburne Park, a man approached her and grabbed her arm. When she screamed, the man hit her, stating that he had a knife and would use it if she continued to resist. As she continued to struggle, her assailant dragged her to a secluded area in the park, punched her several times, knocked her to the ground, removed her clothing, and then raped her for 5 to 10 minutes. The victim testified that the entire incident lasted approximately 20 to 30 minutes and that the lighting conditions were sufficient to view her assailant "face to face". When the assailant fled after a nearby alarm went off, the victim donned her clothing, hailed a taxicab which took her home, and then phoned the police. She gave a detailed description of her assailant at the police station, stating that he was a white male, age 16 to 17 years old, about 5 feet 7 inches tall, thin, with brown eyes and short straight brown hair, wearing jeans and a light shirt. She was then treated at the Albany Medical Center emergency room for various cuts, scrapes and bruises. Her clothing was turned over to the police. ¶ On April 3, 1982, at approximately 3:45 A.M., the

victim was advised by an employee at the Eight Ball Lounge that her assailant might be on the premises. With the police waiting outside, the victim entered the bar and immediately picked out defendant from a crowd of 75 to 100 people. Defendant was arrested and thereafter indicted for rape in the first degree. He was positively identified in court by the victim as the man who had raped her. Defendant testified that he was in the Eight Ball Lounge on the night in question, that he had offered to assist the victim home and, upon her refusal, had walked directly home alone. Two rebuttal witnesses testified that defendant returned to the Eight Ball Lounge around 4:15 A.M., requested a taxi and was driven home. Defendant was convicted as charged and sentenced to an indeterminate term of 8⅓ to 25 years' imprisonment. ¶ Defendant raises several issues on this appeal. First, he contends that the trial court erred in admitting the victim's clothing into evidence because the People failed to establish a proper chain of custody. We disagree. Here, the victim clearly identified each item of clothing admitted into evidence as the articles she wore during the incident and confirmed that they had not been altered. As such, this nonfungible evidence was properly admitted (*People v Anderson,* 99 AD2d 560, 561; *People v Washington,* 96 AD2d 996). ¶ Next, defendant argues that the jury verdict was against the weight of the evidence. We disagree. Having due regard for the verdict, we view the evidence in the light most favorable to the People (*People v Kennedy,* 47 NY2d 196, 203). One of the elements of first degree rape is "forcible compulsion" (Penal Law, § 130.35, subd 1). During the relevant time period, forcible compulsion was defined as "physical force which is capable of overcoming earnest resistance; or a threat, express or implied, that places a person in fear of immediate death or serious physical injury" (Penal Law, § 130.00, subd 8, subsequently amd by L 1982, ch 560 and L 1983, ch 449). Based upon the victim's testimony, the jury could reasonably infer that she was subjected to physical force that overcame her earnest resistance (*People v Turner,* 99 AD2d 615; *People v Beam,* 83 AD2d 82; *People v Ayers,* 65 AD2d 862). Other factors are supportive of this determination. The taxicab driver, who observed the victim directly after the attack, described her as hysterical, and indicated that she had bruises on her face. The victim immediately advised him that she had been raped, and after being taken home, directly reported the incident to the police. She was able to give a detailed description. Her clothing was soiled and she had sustained several minor injuries. Cumulatively, these factors provide ample basis for the jury's verdict. ¶ Nor do we find the pretrial identification at the Eight Ball Lounge to have been impermissibly suggestive. The record confirms that the victim entered the crowded lounge alone and immediately identified defendant. While it appears that the bartender pointed the suspect out, the victim confirmed that his prompting did not in any way interfere with her ability to make an independent identification. Moreover, there is nothing in the record to indicate any suggestiveness on the part of the police. Viewing the "totality of the circumstances", we deem the showup identification to be entirely proper (*People v Landor,* 92 AD2d 625; *People v Jones,* 85 AD2d 50, 53). In any event, the victim's testimony that she observed defendant "face to face" for upwards of 5 to 10 minutes established an independent basis for the identification (*People v Whalen,* 88 AD2d 1005, 1006, revd on other grounds 59 NY2d 273; *People v LaBrake,* 51 AD2d 609). ¶ Defendant further contends that the court's use of the phrase "to a moral certainty" in its charge was reversible error. Since defendant failed to object to the charge, this issue was not preserved for our review (CPL 470.05, subd 2; *People v Aleschus,* 55 NY2d 775, 776). Moreover, even in the absence of an objection, having reviewed the record, we find that the jury charge, as a whole, properly apprised the jury as to the prosecutor's burden of proof (see *People v Griffin,* 100 AD2d 659; *People v*

*Rose,* 84 AD2d 645, affd 57 NY2d 837). ¶ Finally, in view of the nature of this crime, it cannot be said that the trial court abused its discretion by imposing a sentence which was within the statutory guidelines. ¶ Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.