■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN RICHARDSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered July 28, 1983, convicting him of attempted burglary in the first degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL RICHARDSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Ferraro, J.), rendered March 10, 1981, convicting him of attempted murder in the second degree, assault in the first degree (three counts), assault in the second degree, criminal possession of a weapon in the second degree, and reckless

endangerment in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's contention that he was denied a fair trial by reason of the prosecutor's improper cross-examination of a character witness is unpersuasive. The record reveals that, after the witness testified about defendant's reputation for truthfulness and peacefulness, the prosecutor asked him "Did you know [defendant] was arrested for kidnapping in 1975?" An objection to the question was sustained before the witness could answer, and the jury was then instructed to disregard the question. Defendant claims that a mistrial should have been declared because the prosecutor lacked a good-faith basis for making the inquiry and because the question improperly called for information concerning the witness' personal knowledge of defendant's prior arrest. We find that the question was asked in good faith, for the record discloses that the prosecutor possessed a fingerprint identification form indicating that defendant had been arrested for the crime of kidnapping *(see, People v Tempera,* 94 AD2d 748). However, the question was improperly phrased to elicit the witness' personal knowledge of defendant's past conduct instead of his knowledge of defendant's reputation *(see, People v Kennedy,* 47 NY2d 196, *rearg dismissed* 48 NY2d 635; *People v Santiago,* 78 AD2d 666). While this was error, the effect of the question was rendered harmless by virtue of the fact that the trial court promptly sustained the defense objection, ordered the prosecutor to refrain from further inquiry along those lines, and instructed the jury to disregard the question.

Similarly unconvincing is defendant's claim that prosecutorial misconduct during the People's summation denied him his right to a fair trial. Although no objection was taken to the statements now complained of, we have reviewed the record and find that they did not constitute unfair comment upon the evidence.

We further note that defendant failed to take exception to the trial court's charge on the issues of identification and alibi. Consequently, he has failed, as a matter of law, to preserve these issues for appellate review (CPL 470.05 [2]; *see, People v Charleston,* 56 NY2d 886); nor do we find any basis in the record for reversal in the interest of justice *(see, People v Coleman,* 98 AD2d 942; *People v Cadorette,* 83 AD2d 908, *affd* 56 NY2d 1007).

Finally, the sentences imposed were well within the param-

eters of the court's sound discretion and were neither harsh nor excessive in light of the nature of the offenses (see, People v Farrar, 52 NY2d 302; People v Flores, 101 AD2d 657; People v Roman, 84 AD2d 851). Mollen, P. J., Thompson, Brown and Lawrence, JJ., concur.