■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PANARO, Appellant. [624 NYS2d 497] —Judgment unanimously affirmed. Memorandum: County Court did not err in precluding a defense witness from testifying that she heard a codefendant say that he had shot the victim because the victim was an informant from out of State. The statement was not admissible as a declaration against the codefendant's penal interest because there were no supporting circumstances present independent of the statement itself to attest to its trustworthiness and reliability *(see, People v Settles,* 46 NY2d 154, 167). In the absence of such supporting evidence, the exclusion of the proffered testimony does not constitute a violation of the Due Process Clause of the Fourteenth Amendment *(see, People v Dackowski,* 50 NY2d 962, 964; *cf., Green v Georgia,* 442 US 95, 97). There was sufficient nonaccomplice evidence to satisfy the corroboration requirement. "The corroborative glue does not require independent proof of the elements of the crime to sustain a conviction; it just has to bind the accomplice evidence to the defendant" *(People v Breland,* 83 NY2d 286, 293). Defendant's sentence is neither unduly harsh nor excessive. We have reviewed defendant's remaining contentions and conclude that each is lacking in

merit. (Appeal from Judgment of Erie County Court, McCarthy, J.—Murder, 2nd Degree.) Present—Green, J. P., Wesley, Callahan, Doerr and Davis, JJ.