**Victor PANARO, Petitioner,**

v.

**Walter KELLY, Respondent.**

**No. 97–CV–256H.**

United States District Court,
W.D. New York.

May 28, 1998.

Victor Panaro, Attica, NY, pro se.

Joseph A. Notaro, Erie County District Attorney's Office, Buffalo, NY, for Respondent.

## ORDER

HECKMAN, United States Magistrate Judge.

Petitioner is seeking habeas corpus relief under 28 U.S.C. § 2254. The parties have consented to have the undersigned conduct all further proceedings in this matter, including the entry of final judgment, in accordance with 28 U.S.C. § 636(c). For the reasons that follow, the petition is denied.

### BACKGROUND

On June 21, 1991 petitioner was charged by the Erie County Grand Jury, along with codefendant Charles Luciano Spataro, with Murder in the Second Degree, in violation of New York Penal Law § 125.25–1.[1] Spataro moved to sever the trials. His motion was granted and petitioner was tried first. On December 7, 1992, following a jury trial in Erie County Court before Hon. Joseph P.

---

1. N.Y. Penal L. § 125.25–1, effective at the time of petitioner's indictment, provides that: A person is guilty of murder in the second degree when:

   1. With intent to cause the death of another person, he causes the death of such person or of a third person; except that in any prosecution under this subdivision, it is an affirmative defense that:

   (a) The defendant acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be. Nothing contained in this paragraph shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime; or

   (b) The defendant's conduct consisted of causing or aiding, without the use of duress or deception, another person to commit suicide. Nothing contained in this paragraph shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the second degree or any other crime.

McCarthy, petitioner was found guilty of murder in the second degree. On February 9, 1993, Judge McCarthy sentenced petitioner to an indeterminate term of imprisonment of twenty years to life. Codefendant Spataro was acquitted of the second degree murder charge after a separate trial.

Petitioner appealed to the Appellate Division of New York State Supreme Court, Fourth Department, claiming that (1) the exclusion of a defense witness' testimony deprived him of due process of law, (2) proof at trial was insufficient to support the verdict of guilty beyond a reasonable doubt, and (3) his sentence should be modified in the interest of justice.

On March 17, 1995, the Fourth Department unanimously affirmed the judgment of conviction. *People v. Panaro,* 213 A.D.2d 1036, 624 N.Y.S.2d 497 (4th Dep't 1995). In a memorandum, the Fourth Department found that "the statement [of witness Margaret Giglia] was not admissible as a declaration against the codefendant's penal interest because there were no supporting circumstances present independent of the statement itself to attest to its trustworthiness and reliability" *Id.,* 213 A.D.2d at 1036, 624 N.Y.S.2d at 497 (citing *People v. Settles,* 46 N.Y.2d 154, 412 N.Y.S.2d 874, 385 N.E.2d 612 (1978)). The Fourth Department reviewed petitioner's remaining contentions and concluded that they were lacking in merit. *Id.,* 213 A.D.2d at 1036–37, 624 N.Y.S.2d at 498. On May 26, 1995, petitioner's request for leave to appeal was denied by the New York Court of Appeals. *People v. Panaro,* 85 N.Y.2d 978, 629 N.Y.S.2d 738, 653 N.E.2d 634 (1995). Petitioner filed a petition for certiorari to the United States Supreme Court, which was denied on October 30, 1995. *Panaro v. New York,* 516 U.S. 946, 116 S.Ct. 386, 133 L.Ed.2d 308 (1995).

On April 8, 1997, petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, raising the following grounds: (1) he was denied his fundamental right to present a defense at trial, and (2) his conviction was based on evidence insufficient to establish guilt beyond a reasonable doubt (Item 1, ¶ 12).

Respondent has answered the petition, maintaining that the writ should be denied on the grounds that it was not timely filed, and petitioner's claims were addressed by the appellate court and found to be without merit.

### DISCUSSION

**Timeliness.**

Respondent argues that this petition is barred by the time limit set forth at 28 U.S.C. § 2244(d)(1) which provides in pertinent part as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of— (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

This time limit was imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective April 24, 1996.

Respondent contends that petitioner's state court judgment became final on May 26, 1995, when the New York Court of Appeals denied him leave to appeal. Consequently, petitioner had 31 days in which to prepare and file his appeal as measured from the AEDPA's effective date of April 24, 1996 until the expiration of one year after the denial of leave to appeal. According to respondent, petitioner's failure to file within that one month period renders the petition untimely. In the alternative, respondent argues that petitioner's failure to file the petition until April 8, 1997—684 days after the completion of state appellate review and 350 days after the effective date of the AEDPA— was not justified by the circumstances of this case. Respondent does not cite a single case in support of its arguments.

First, I note that petitioner in this case also filed a petition for certiorari to the United States Supreme Court. "The plain language of 28 U.S.C. § 2244(d)(1)(A) refers to the expiration of the time for 'direct review,' and it is indisputable that 'direct review' includes review by certiorari by the

United States Supreme Court." *Albert v. Strack*, No. 97 Civ. 2978 (SS), 1998 WL 9382, at *4, n. 2 (S.D.N.Y. Jan.13, 1998). Thus, petitioner's conviction became final on October 30, 1995, when his petition for certiorari was denied. Rather than 31 days, petitioner had more than six months remaining on his one-year limitations period after the AEDPA took effect. The first question to be addressed is whether that limitations period should be strictly applied.

After the enactment of the AEDPA, this district adopted a policy of according state inmates a one-year grace period from the statute's effective date for filing habeas corpus petitions, in accordance with federal Circuit Court case law. *See Reyes v. Keane*, 90 F.3d 676, 679 (2d Cir.1996) ("[I]t would be entirely unfair and a severe instance of retroactivity to apply [AEDPA's one-year limitations period] where that period ended before the effective date of the Act," but declining to decide between allowing "a full year from the effective date of the Act or only a reasonable time thereafter"); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996) (*en banc*) (concluding that "the 'reasonable time' after April 24, 1996, and the one-year statutory period coalesce"), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Calderon v. U.S. District Court for the Central District of California*, 128 F.3d 1283, 1287 (9th Cir.1997) ("No petition filed on or before April 23, 1997 ... may be dismissed for failure to comply with [the AEDPA's] time limit"), *cert. denied*, —— U.S. ——, 118 S.Ct. 899, 139 L.Ed.2d 884 (January 26, 1998); *United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir.1997) ("prisoners whose convictions became final on or before April 24, 1996 must file their [§ 2255] motions before April 24, 1997"); *Duarte v. Hershberger*, 947 F.Supp. 146, 149 (D.N.J.1996) ("one-year grace period" under AEDPA found "appropriate in the habeas corpus context").

More recently, however, the Second Circuit directly addressed the issue of whether a state prisoner should be accorded a full year after the effective date of the AEDPA in which to bring a federal habeas corpus petition. In *Peterson v. Demskie*, 107 F.3d 92 (2d Cir.1997), the inmate filed his petition for habeas corpus relief some eighteen years after his judgment of conviction for second degree murder and other offenses became final. The Second Circuit held that there was no need to grant a full year's grace period after the effective date of the AEDPA where a state prisoner has had several years to contemplate bringing a petition. *Id.* at 93. Rather, the Court allowed the prisoner a "reasonable time" after enactment, and concluded that Peterson's petition, which was filed 72 days after the effective date of the Act, was timely. *Id.*

■ In light of *Peterson*, respondent's unsupported argument that the limitations period be strictly applied is unpersuasive. Where a state prisoner's time to file under § 2244(d)(1) would expire before or shortly after the effective date of the AEDPA, the Second Circuit has afforded a "reasonable time" to file a petition. *Hill v. Keane*, 984 F.Supp. 157, 159 (E.D.N.Y.1997), *see also, White v. Garvin*, No. 97 Civ. 3244 (SAS), 1997 WL 626396, at *1 (S.D.N.Y. Oct.8, 1997) (limitation period does not apply where judgment of conviction became final before April 26, 1996). The remaining question then, is whether this petition, filed 350 days after the Act's enactment date and more than seventeen months after petitioner's conviction became final, was brought within a "reasonable time."

Following *Peterson*, district courts in this circuit have routinely found untimely habeas corpus petitions filed at or near the end of the year following the effective date of the AEDPA. *See Rashid v. Khulmann*, No. 97 Civ. 3037 (SS), 1998 WL 9379, at *2 (S.D.N.Y. Jan.8, 1998) (collecting cases). Several of these cases have involved time frames similar to that presented here, where direct review was concluded within the year prior to enactment of the AEDPA and the petition was filed near the end of the year following enactment. *See, e.g., Hill v. Keane*, *supra*, 984 F.Supp. at 159 (358 days after AEDPA, two years after conviction); *White v. Garvin*, *supra*, 1997 WL 626396 (S.D.N.Y. Oct. 8, 1997) (341 days after AEDPA, nineteen months after conviction); *Ross v. Artuz*, No. CV 97–3564, 1997 WL 720754 (E.D.N.Y. Oct.1, 1997) (325 days after AEDPA, two

years after conviction); *Posada v. United States,* No. CV 97–2506, 1997 WL 720757 (E.D.N.Y. Sept.30, 1997) (363 days after AEDPA, two years after conviction); *Yeung v. Artuz,* 97 Civ. 3288, 1997 WL 572908 (S.D.N.Y. Sept.10, 1997) (362 days after AEDPA, seventeen months after conviction).

. By comparison, courts in this circuit have continued to allow grace periods of up to ten months after AEDPA's enactment. *See, e.g., Santos v. United States,* No. 96 Civ. 8424 (JFK), 1998 WL 74300 (S.D.N.Y. Feb.19, 1998) (*pro se* § 2255 petition timely when filed 177 days after effective date of AEDPA, and 1 1/2 years after final judgment in criminal case); *Wilcox v. People of the State of New York,* No. 97 CV 199RSPDRH, 1998 WL 59465 (N.D.N.Y. Feb.11, 1998) (*pro se* habeas petition timely when filed 295 days after effective date of AEDPA, and one year and eight days after conclusion of state collateral appeal); *Rivalta v. Artuz,* No. 96 Civ. 8043 (SAS), 1997 WL 401819 (S.D.N.Y. July 16, 1997) (*pro se* petition timely when filed six months after enactment of AEDPA); *Oppenheimer v. Kelly,* No. 97 Civ. 3035 (DC), 1997 WL 362216 (S.D.N.Y. June 27, 1997) (four months); *Valentine v. Senkowski,* 966 F.Supp. 239 (S.D.N.Y.1997) (113 days); *Ojeda v. Artuz,* No. 96 Civ. 5900 (SAS), 1997 WL 283398 (S.D.N.Y. May 29, 1997) (89 days); *Scire v. United States,* No. 96 CV 3446, 1997 WL 138991 (E.D.N.Y. March 24, 1997) (almost three months); *see also See Roldan v. Artuz,* 976 F.Supp. 251 (S.D.N.Y. September 9, 1997) (suggesting in dicta that six to nine months may be the outer limit of *Peterson's* "reasonable time" standard).

■ Thus, the district court decisions following *Peterson* support a finding of untimeliness here, where petitioner had more than six months after the AEDPA effective date in which to timely file his petition, yet did not do so until 350 days after the effective date. *See Alexander v. Keane,* 991 F.Supp. 329, 333 (S.D.N.Y.1998) ("Generally speaking, petitions filed within a month or two of the one-year anniversary of the AEDPA have been presumed untimely absent compelling explanation."). This does not end the inquiry, however, because the Second Circuit cautioned that "the alternative of a 'reasonable time' should [not] be applied with undue rigor." *Peterson,* 107 F.3d at 93.

■ While indicating that the assessment of reasonableness should be made on a case-by-case basis, the Court provided little guidance as to what factors should be considered other than implying that more recently convicted petitioners should be afforded a longer time in which to file, perhaps even up to one full year. *Id.; see also, Morillo v. Crinder,* No. 97 Civ. 3194 (SAS), 1997 WL 724656, at *2 (S.D.N.Y. Nov.18, 1997) (petition filed 350 days after AEDPA timely because petitioner who filed 370 days after conviction "did not have years to contemplate bringing his petition"); *Jones v. Artuz,* No. CV 97–2394, 1997 WL 876735, at *1, U.S. Dist. Lexis 15581, at *2–3 (E.D.N.Y. Sept. 13, 1997) (petition filed 357 days after AEDPA and only fourteen months after conviction was timely). In addition to the final conviction date, the district courts applying *Peterson* have relied on other common factors in making their analysis. *Albert v. Strack, supra,* 1998 WL 9382, at *3 (collecting cases). These factors include (1) whether the federal petition merely restates claims made to the state courts, and thus does not require extensive additional preparation, (2) whether the petitioner is proceeding *pro se* or is represented by counsel, (3) whether the petitioner was pursuing state collateral relief during the post-AEDPA period, and (4) the difficulty or complexity of the issues raised by the petition. *Id.*

Applying the "reasonable time" factors to this case, I find that this petition is indeed untimely. The petition merely restates claims presented to the state court, and completion of the petition required little, if any, legal research or writing. Furthermore, petitioner's claims do not present any particularly difficult or complex issues. There is a plethora of case law relating to petitioner's claims that hearsay statements were wrongfully excluded and that his conviction was based on legally insufficient evidence. Also, petitioner did not pursue any state collateral relief between the effective date of the AEDPA and the date on which his petition was filed.

Petitioner was proceeding *pro se,* and that may have increased the time involved in pre-

paring court documents. However, the only explanation petitioner offers with respect to delay in preparing his petition is that a copy of the AEDPA was not received in the prison law library until approximately two months after the Act's effective date, and that he was not assigned an inmate law library clerk to assist him with his petition until May 31, 1996. Petitioner's explanation is not sufficiently compelling to overcome the case law which concludes that petitions filed within a month or two of the one-year anniversary of the AEDPA are untimely.[2] Petitioner was clearly apprized of the limitations period and was also provided with assistance in preparing his petition some ten months before his petition was actually filed. He has not presented circumstances that would distinguish his position from that of any other state prisoner whose judgment of conviction became final in the year prior to April 26, 1996.

Accordingly, under the analysis required by *Peterson v. Demskie,* I find that this petition for habeas corpus relief was not filed within a reasonable time after the enactment of the AEDPA. The petition is therefore denied.

On May 29, 1997, after filing his habeas corpus petition, petitioner initiated a collateral attack on his conviction by way of a 440 motion (letter from counsel dated June 2, 1997). Petitioner, through the attorney representing him in that matter, sought to stay a determination of his federal habeas petition until the pending 440 motion was resolved. Given this court's determination that the April 8, 1997 petition was untimely filed, there is no need to consider that request.

### CONCLUSION

For the reasons set forth above, the petition for habeas corpus relief is denied, and the case dismissed.

**SO ORDERED.**

---

**2.** Of course, this same finding would apply were the court to accept the parties' contention that direct review was concluded on May 26, 1995, when the Court of Appeals denied leave to appeal.