Victor PANARO, Petitioner,

v.

Walter KELLY, Respondent.

No. 97–CV–256H.

United States District Court,
W.D. New York.

Nov. 23, 1998.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this petition for habeas corpus relief under 28 U.S.C. § 2254. On May 27, 1998, this court dismissed the petition as untimely filed under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and Second Circuit caselaw. Thereafter, petitioner moved for relief from judgment pursuant to Fed.R.Civ.P. 60(b), citing the Second Circuit's intervening clarification of the law in *Ross v. Artuz*, 150 F.3d 97 (2d Cir.1998), and several other appeals addressing the standards for determining the timeliness of habeas corpus petitions under the AEDPA.

On October 5, 1998, this court granted petitioner's Rule 60(b) motion, found the petition timely, vacated its prior dismissal of the petition, and took the remaining matters set forth in the petition under advisement

(Item 21). What follows is this court's determination of those matters.

## BACKGROUND

On December 7, 1992, following a jury trial in Erie County Court before Hon. Joseph P. McCarthy, petitioner was found guilty of murder in the second degree, in violation of New York Penal Law § 125.25(1), based on his involvement in the February 8, 1981 shooting death of Robert Warner at the McKinley Park Inn in Buffalo, New York. On February 9, 1993. Judge McCarthy sentenced petitioner to an indeterminate prison term of twenty years to life. Charles Luciano Spataro,[1] charged as a codefendant, was tried separately and acquitted.

Petitioner appealed to the Appellate Division of New York State Supreme Court, Fourth Department, raising the following grounds:

1. The trial court's exclusion of proposed defense witness Margaret Giglia's testimony about Spataro's admission to her that he killed Warner deprived petitioner of his constitutional right to put on a defense.

2. The proof at trial was insufficient to support the verdict of guilty beyond a reasonable doubt.

3. Excessive sentence.[2]

On March 17, 1995, the Fourth Department unanimously affirmed the judgment of conviction. *People v. Panaro*, 213 A.D.2d 1036, 624 N.Y.S.2d 497 (4th Dep't 1995). In a memorandum decision, the Fourth Department found as follows:

[The trial court] did not err in precluding a defense witness from testifying that she heard a codefendant say that he had shot the victim because the victim was an informant from out of state. The statement was not admissible as a declaration against the codefendant's penal interest because there were no supporting circumstances present independent of the statement itself

to attest to its trustworthiness and reliability. In the absence of such supporting evidence, the exclusion of the proffered testimony does not constitute a violation of the Due Process Clause of the Fourteenth Amendment. There was sufficient nonaccomplice evidence to satisfy the corroboration requirement. "The corroborative glue does not require independent proof of the elements of the crime to sustain a conviction; it just has to bind the accomplice evidence to the defendant." Defendant's sentence is neither unduly harsh nor excessive. We have reviewed defendant's remaining contentions and conclude that each is lacking in merit.

*Id.*, 213 A.D.2d at 1036–37, 624 N.Y.S.2d at 497–98 (quoting *People v. Breland*, 83 N.Y.2d 286, 293, 609 N.Y.S.2d 571, 631 N.E.2d 577 (1994)). On May 26, 1995, petitioner's request for leave to appeal was denied by the New York Court of Appeals. *People v. Panaro*, 85 N.Y.2d 978, 629 N.Y.S.2d 738, 653 N.E.2d 634 (1995). Petitioner filed a petition for certiorari to the United States Supreme Court, which was denied on October 30, 1995. *Panaro v. New York*, 516 U.S. 946, 116 S.Ct. 386, 133 L.Ed.2d 308 (1995).

On April 8, 1997, petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, raising the following grounds:

1. The trial court's exclusion of Margaret Giglia's testimony denied petitioner his fundamental right to present a defense.

2. His conviction was based on evidence insufficient to establish guilt beyond a reasonable doubt (Item 1, ¶ 12).

Each of these grounds is discussed in turn below.

## DISCUSSION

### I. Exclusion of Margaret Giglia's Testimony.

Prior to the presentation of evidence by the defense at trial, the prosecution made a

---

1. A/k/a "Dilly" Spataro.

2. In a *pro se* supplemental appellate brief, petitioner argued that his trial was a "travesty of justice," that he was denied due process by the

trial court's failure to rule on his motion to dismiss the indictment, and that the trial court erred in its charge on corroboration of accomplice testimony (*see* State Court Records, Ex. B).

motion *in limine* to exclude as hearsay the testimony of defense witness Margaret Giglia about statements made to her by petitioner's codefendant, Charles Spataro. Ms. Giglia had testified before the grand jury that, shortly after the February, 1981 shooting, Spataro told her that he killed Warner because Warner was an informant from out of town. Petitioner argued that he should be allowed to present Ms. Giglia's testimony as an admission by Spataro against his penal interest, and as evidence of Spataro's motive separate and distinct from the prosecution's theory of the case—*i.e.*, that petitioner hired Spataro to kill Warner because he was jealous that Warner was dating his former girlfriend (T. at 538–42).[3]

The trial court allowed defense counsel to question Ms. Giglia as an offer of proof to establish an independent basis for the reliability of her proposed testimony. Ms. Giglia testified that Spataro was a friend of hers. She was visiting Spataro at his house one or two days after the shooting when he told her that he shot Warner because Warner was an informer from out of town (T. at 557–63). After hearing the offer of proof, the trial court granted the prosecutor's motion *in limine* and excluded Ms. Giglia's testimony as hearsay. The court found nothing in the trial record, including Ms. Giglia's testimony, providing "independent proof that would support the accuracy or the trustworthiness" of Spataro's statement (T. at 563–64).

Under the AEDPA, a state prisoner's application for a writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see McLean v. McGinnis*, 29 F.Supp.2d 83, 92 (E.D.N.Y. 1998). In this case, petitioner claims that the state court's exclusion of Ms. Giglia's testimony about Spataro's statement as to why he killed Warner deprived petitioner of his due process right to present a defense, as guaranteed by the Fourteenth Amendment.

 It is well-established that the due process right of an accused in a criminal trial includes the right to a fair opportunity to defend against the state's accusations. *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). In particular, "[t]he rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process." *Id.* However, even erroneous state evidentiary rulings do not automatically rise to the level of constitutional error sufficient to warrant issuance of a writ of habeas corpus. Rather, erroneous exclusion of evidence warrants habeas relief only if the omission deprived the petitioner of a fundamentally fair trial. *Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Taylor v. Curry*, 708 F.2d 886, 891 (2d Cir.), *cert. denied*, 464 U.S. 1000, 104 S.Ct. 503, 78 L.Ed.2d 694 (1983). The test for determining whether erroneous state court evidentiary rulings denied the defendant a fair trial is whether the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *see also Collins v. Scully*, 755 F.2d 16, 19 (2d Cir.1985) (test is whether excluded evidence would have created "a reasonable doubt that did not otherwise exist"); *United States v. Agurs*, 427 U.S. 97, 112, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

As stated by the New York Court of Appeals in *People v. Settles*, 46 N.Y.2d 154, 412 N.Y.S.2d 874, 385 N.E.2d 612 (1978), four prerequisites must be satisfied before the statement of a non-testifying third party is admissible as a declaration against penal interest:

[F]irst, the declarant must be unavailable as a witness at trial; second, when the statement was made the declarant must be aware that it was adverse to his penal interest; third, the declarant must have competent knowledge of the facts underly-

---

**3.** References preceded by "T." are to pages of the trial transcript submitted as part of petition-er's state court records.

ing the statement; and fourth, and most important, supporting circumstances independent of the statement itself must be present to attest to its trustworthiness and reliability.

*Id.* at 167, 412 N.Y.S.2d 874, 385 N.E.2d 612; *see also People v. Brensic,* 70 N.Y.2d 9, 15, 517 N.Y.S.2d 120, 509 N.E.2d 1226 (1987). These requirements are in accordance with clearly established federal law. *See United States v. Stratton,* 779 F.2d 820, 828 (2d Cir.1985), *cert. denied,* 476 U.S. 1162, 106 S.Ct. 2285, 90 L.Ed.2d 726 (1986); *McLean v. McGinnis, supra,* 29 F.Supp.2d at 95; *U.S. v. Reinhold,* 20 F.Supp.2d 541, 548 (S.D.N.Y. 1998).

■ In this case, as found by the state trial and appellate courts, petitioner was unable to satisfy these requirements since he could not present any competent evidence independent of the declaration itself to assure its trustworthiness. There is nothing in the trial record, other than the offer of proof as to Spataro's statement, to indicate that Spataro had competent knowledge about Warner's informant activities, that Warner was indeed an informant, or that Spataro shot him for that reason. Accordingly, the state court did not commit error in excluding as unreliable hearsay Ms. Giglia's testimony about an out-of-court statement made by Spataro more than ten years prior to the trial.

Even if the trial court's exclusion of Ms. Giglia's testimony was erroneous, petitioner has not shown how the error influenced the jury's verdict, or how the testimony would have created a reasonable doubt that did not otherwise exist. There was no dispute that Spataro shot Warner. The prosecution's case against petitioner was based on proof showing that Spataro shot Warner at petitioner's behest. There is nothing in the trial record to show or suggest that the jury's consideration of an additional motive—*i.e.,* Spataro's knowledge that Warner was an out-of-town informant—would have undermined the proof against petitioner, or would have created reasonable doubt as to whether petitioner was criminally liable for Warner's death.

Accordingly, I find that the state court's exclusion of Margaret Giglia's testimony was not contrary to clearly established federal law, and did not deprive petitioner of his right to a fair trial. Petitioner is not entitled to habeas corpus relief on this ground.

## II. Sufficiency of the Evidence.

■ Petitioner also claims that his conviction was based on insufficient evidence. A claim of insufficiency of evidence is essentially a question of state law, and does not rise to the level of a federal constitutional claim absent a record so totally devoid of evidentiary support that a due process issue is raised. *Bossett v. Walker,* 41 F.3d 825, 830 (2d Cir. 1994), *cert. denied,* 514 U.S. 1054, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995); *Mapp v. Warden, New York State Correctional Institution,* 531 F.2d 1167, 1173 n. 8 (2d Cir.), *cert. denied,* 429 U.S. 982, 97 S.Ct. 498, 50 L.Ed.2d 592 (1976); *Howe v. Scully,* 582 F.Supp. 277, 278–79 (S.D.N.Y.1984). When reviewing a claim of sufficiency of the evidence in the context of a habeas corpus petition, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

New York law provides that a person is guilty of murder in the second degree when, "[w]ith intent to cause the death of another person, he causes the death of such person...." N.Y. PENAL LAW § 125.25(1). New York law further provides that an individual may be held criminally liable as an accessory or accomplice to an offense committed by another when, "acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct." N.Y. PENAL LAW § 20.00. Thus, for petitioner to have been found guilty of second degree murder in this case, the evidence must have been sufficient to permit the jury to find beyond a reasonable doubt that petitioner solicited or aided Spataro in the shooting of Warner, and that he did so with the intent to kill. *See Maldonado v.*

*Scully,* 86 F.3d 32, 35 (2d Cir.1996); *see also Hayes v. Coombe,* 1996 WL 650728, at *1 (S.D.N.Y. November 7, 1996), *aff'd,* 142 F.3d 517 (2d Cir.1998).

 Guilt beyond a reasonable doubt may be established entirely by circumstantial evidence, which must be reviewed as a whole. *Maldonado, supra; see also United States v. Khan,* 53 F.3d 507, 513 (2d Cir.1995), *cert. denied,* 516 U.S. 1042, 116 S.Ct. 697, 133 L.Ed.2d 655 (1996); *United States v. Sureff,* 15 F.3d 225, 228 (2d Cir.1994). Assessments of the weight of the evidence or the credibility of witnesses are for the jury and are not grounds for reversal on appeal or for habeas corpus relief. *Maldonado, supra; see also United States v. Rosa,* 11 F.3d 315, 337 (2d Cir.1993), *cert. denied,* 511 U.S. 1042, 114 S.Ct. 1565, 128 L.Ed.2d 211 (1994).

 The eyewitness testimony in the case established that petitioner and Spataro were close friends (T. at 296). Petitioner expressed his hostility toward Warner, because of Warner's relationship with petitioner's former girlfriend, in Spataro's presence (T. at 297). On the night of the shooting, petitioner told Spataro he wanted him to "take care of" Warner, and that he had "twelve, fifteen hundred" dollars (T. at 305). Viewed as a whole, this evidence supported the jury's finding that petitioner solicited Spataro to kill Warner, with the requisite intent.

Accordingly, I find that petitioner is not entitled to habeas corpus relief on the ground of insufficient evidence.

### CONCLUSION

For the reasons set forth above, the petition for habeas corpus relief is denied, and the case is dismissed. The Clerk of the Court is directed to enter judgment in favor of respondent.

Pursuant to 28 U.S.C. § 1915(a)(3), the court certifies that an appeal from this decision and order may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The court also finds that the petition presents no question of substance for appellate review, and that petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Fed.R.App.P. 22(b). Accordingly, petitioner's motion for a certificate of appealability (**Item 20**) is denied.

**SO ORDERED.**